

**Littler Mendelson, P.C.**
1 Monument Square
Suite 600
Portland, Maine 04101

Melinda Caterine
Shareholder
207.774.6001 main
207.699.1123 direct
mcaterine@littler.com

February 27, 2025

**VIA EMAIL AND CERTIFIED MAIL**

Timothy Beall
42 Woodway Drive
Shrewsbury, MA 01545
beallt1243@gmail.com

Re:     Cease and Desist Defamatory and Harassing Communications

Dear Mr. Beall:

This law firm represents Everett J. Prescott, Inc. (hereinafter "EJP"). We are writing on behalf of EJP, because we have been made aware of your defamatory and harassing communications about EJP and to EJP employees. We write to formally demand that you immediately cease and desist from this conduct. If you fail to do so, EJP stands ready to initiate all legal action necessary to protect and enforce its legal rights, including seeking injunctive relief and monetary damages against you and any person or entity acting in concert with you.

For example, we learned that on or about February 23, 2025 you left defamatory comments on Paul Van Savage's LinkedIn page falsely accusing EJP of condoning racism, falsely accusing an EJP employee of committing a crime, and falsely accusing EJP of preventing you from attending court.



Timothy Beall
February 27, 2025
Page 2

If you are not aware, Massachusetts courts have long held that "[a] false statement that 'would tend to hold the plaintiff up to scorn, hatred, ridicule or contempt, in the minds of any considerable and respectable segment in the community,' would be considered defamatory, and the imputation of a crime is defamatory per se, requiring no proof of special damages." *Phelan v. May Dep't Stores Co.*, 443 Mass. 52, 56, 819 N.E.2d 550, 553–54 (2004) (quoting *Stone v. Essex County Newspapers, Inc.*, 367 Mass. 849, 853, 330 N.E.2d 161 (1975)). Furthermore, defamatory statements that prejudice a person's or company's business, occupation and/or profession constitute defamation per se. *See Ravnikar v. Bogojavlensky,* 438 Mass. 627, 630, 782 N.E.2d 508, 511 (2003). Your post is absolutely defamatory and EJP is entitled to damages.

It has also come to our attention that you are unlawfully using EJP's logo on your LinkedIn profile.



Please remove the EJP logo immediately and cease any and all use of the EJP logo. This is a registered trademarked image with the United States Patent and Trademark Office (Serial Nos. 88321649, 88321652, 88321660). You have no affiliation with EJP anymore and your continued public use of this image constitutes trademark infringement under the Lanham Act, 15 U.S.C. §§ 1114 and 1125, and is causing significant harm to our brand.

In addition to your social media postings, we are aware that you have sent a series of increasingly hostile and threatening emails to EJP employees. The tone of your emails suggests that we may need to involve law enforcement for a protective order given your continued harassment of EJP personnel.

While we continue to investigate the full nature of your alarming conduct, based on a preliminary assessment of the damage our client has suffered and/or may suffer because of your conduct, and an evaluation of the various legal remedies available to our client, EJP hereby demands that you immediately:

- Cease and desist from making any further public statements, postings, publications, or writings about EJP and its employees, including, but not limited to, any derogatory, defamatory, disparaging, and libelous statements, posting, publications and writings;

Timothy Beall
February 27, 2025
Page 3

- Delete, or request the deletion of, all public social media posts referencing or regarding EJP and/or its employees including, but not limited to, the post referenced above on LinkedIn;

- Confirm the deletion of all public social media posts referencing or regarding EJP and/or its employees within ten (10) days;

- Cease all communications with EJP's officers and directors.

Be advised that our client's decision on how to move forward with respect to your defamatory and slanderous conduct will be influenced, to a great extent, by whether or not you promptly abide by the terms of this letter. If you fail to respond to and comply with the terms of this letter or continue to engage in your wrongful conduct, our client intends to act promptly to protect its business interests and legal rights, by taking all appropriate legal action necessary. Such steps may include commencing a lawsuit against you and requesting a court to issue an injunction enjoining and restraining you from engaging in any further harmful actions against EJP. We may also need to obtain a protective order against you if you continue to harass and threaten EJP employees.

In a civil lawsuit, our client would seek to recover any and all costs and attorneys' fees it incurs in enjoining and restraining your wrongful conduct and enforcing their rights. To that end, you should place any of your homeowners' or personal umbrella liability insurers on notice of these potential claims, if you have such insurance.

**Evidence Preservation Notice**

As a final matter, this letters also serves to place you on notice of your respective obligations to preserve and maintain in a discoverable format, and to refrain from destroying, damaging, transferring, or otherwise rendering unavailable, any and all documents, materials, and other tangible things that may relate in any way to any of the matters set forth in this letter. You should understand that the materials you must preserve and maintain include all documents and information formally or informally maintained in any format by you or your respective agents and representatives, wherever located or stored, including, but not limited to, any electronically stored information on any computer, mobile phone, tablet, or other device capable of storing information; or any social media account. This includes all emails, voicemails, audio recordings, text messages, instant messages, social media messages, social media posts, and blogs.

The obligation to retain documents and information includes the obligation to discontinue all data destruction and data recycling practices. If you have not taken the steps necessary to preserve relevant evidence, this letter is intended to serve as a preservation letter with respect to all documents, materials and information, in any form. Please be advised that any failure to preserve these materials could lead to the imposition of severe sanctions by a court in the event of litigation between the parties, including a presumption that such materials would have been damaging to you, monetary penalties, and/or a judgment against you and the award of relief to the Company.

Timothy Beall
February 27, 2025
Page 4

EJP reserves all rights, remedies, and privileges it may have, at law or in equity, arising from your wrongful conduct. However, we hope that this letter will serve to stop the need for future litigation. Please acknowledge receipt of this letter and compliance with the demands above by March 9, 2025.

Thank you for your cooperation in this matter.

Sincerely,

Melinda J. Caterine

MC:sjs/rcp