UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| EVERETT J. PRESCOTT, INC., et al. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | 1:25-cv-00071-JAW |
| ) | |
| TIMOTHY J. BEALL, ) | |
| ) | |
| Defendant. ) | |

**PRELIMINARY INJUNCTION**

This matter came before this Court on Plaintiffs' Everett J. Prescott, Inc.'s (EJP) and Paul S. Van Savage's (collectively, the Plaintiffs) Motion for Preliminary Injunction against former EJP employee, Defendant Timothy J. Beall. For the reasons described in its Order on Motion for Preliminary Injunction (ECF No. 23), the Court concludes that, for the purposes of the requested preliminary injunction, the Plaintiffs have demonstrated a likelihood of success on the merits of their claims for defamation and tortious interference with advantageous economic relationship with regard to Mr. Beall's defamatory statements made to EJP customers and posted on social media. The Court also concludes that Plaintiffs have established a likelihood of success on the merits on their claim of intentional infliction of emotional distress with regard to Mr. Beall's direct communications with Mr. Van Savage. The Court further concludes that that the Plaintiffs have demonstrated that irreparable injury is likely in the absence of an injunction; the balance of the equities favors the Plaintiffs; and the minimal public interest in this private dispute favors the Plaintiffs. The Court also concludes, however, that Plaintiffs did not establish a likelihood of

success on any claim with regard to Mr. Beall's direct communications with EJP employees other than Mr. Van Savage.

As such, it is hereby ORDERED that Plaintiffs' Motion for Preliminary Injunction pursuant to Federal Rule of Civil Procedure 65(a) is GRANTED in part and DENIED in part.

It is further ORDERED that Defendant Beall is enjoined from:

1. Posting any defamatory content on public social media sites about either of the Plaintiffs;
2. Communicating with Plaintiff Van Savage through any means;
3. Making defamatory statements to current customers of EJP through any means about EJP's business and operations; and
4. Entering or being within 500 yards of Plaintiff Van Savage's personal property or premises.

This Order is effective immediately and shall remain in full force and effect until such time as this Court specifically orders otherwise.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 27th day of March, 2025