UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| EVERETT J. PRESCOTT, INC., et al.   ) | |
| ) | |
| Plaintiffs,   ) | |
| ) | |
| v.   ) | 1:25-cv-00071-JAW |
| ) | |
| TIMOTHY J. BEALL,   ) | |
| ) | |
| Defendant.   ) | |

**ORDER ON PLAINTIFF'S MOTION FOR SANCTIONS AND COURT'S ORDER TO SHOW CAUSE**

As a pro se litigant has admitted that he used artificial intelligence software to generate filings submitted to the court containing miscitations and factitious citations and promised the court that he will not do so again, the court requires the litigant to affirmatively represent in each future filing that he has scrupulously reviewed his legal citations, that they are accurate, and that they stand for his asserted propositions.

**I.   BACKGROUND**[1]

On July 10, 2025, Everett J. Prescott, Inc. and Paul Van Savage (together, the Plaintiffs) filed a motion for sanctions on the ground that Timothy J. Beall had allegedly included fictious case citations in recent filings. *Pls.' Mot. for Sanctions Due to Def.'s Use of Fictitious Case Citations* (ECF No. 85) (*Pls.' Sanctions Mot.*).

---

[1]   The Court provides a comprehensive procedural history of this hotly litigated matter in its contemporaneously issued Omnibus Order (ECF No. 139).  However, for the purposes of this order, the Court limits its recitation of the procedural history only to filings regarding the Defendant's miscitations, as relevant to the Court's discussion of potential sanctions.

Plaintiffs contend that Mr. Beall may have relied on artificial intelligence (AI) software to generate these erroneous citations and submit that federal and state precedent support imposing Federal Rule of Civil Procedure 11 sanctions for fabricating citations. *Id.* at 4-6.

Mr. Beall opposed the Plaintiffs' motion on July 11, 2025, reiterating his version of the facts underlying this proceeding but failing or declining to address the allegation of fabricated and factitious citations. *See Def.'s Resp. to Pls.' Mot. for Sanctions* (ECF No. 89) (*Def.'s Sanctions Opp'n*).

On July 11, 2025, prompted by Plaintiffs' motion, the Court conducted its own research into the Defendant's citations and concluded Mr. Beall's answer and counterclaims, supplemental notice regarding Plaintiffs' motion to seal and sur-reply to their motion to strike were replete with miscitations, factitious quotations, and mischaracterizations of legal precedent and rules of civil procedure. *See Order to Show Cause* (ECF No. 90). This determination caused the Court to order Mr. Beall to respond to its concerns, explaining the basis for his miscitations and whether he had used AI to produce his filings. *Id.* at 16. The Court also cautioned Mr. Beall that it was considering imposing sanctions, either pursuant to Rule 11 or a filing restriction under *Cok v. Family Court of Rhode Island*, 985 F.2d 32 (1st Cir. 1993), and directed Mr. Beall to respond within seven days as to his position on whether his misconduct warrants such sanctions. *Id.* at 16-17.

Mr. Beall responded to the order to show cause on July 12, 2025, acknowledging that "some of the legal citations and quotations in my prior filings

were inaccurate, incomplete, or improperly sourced" but insisting he "did not knowingly or intentionally mislead this Court." *Def.'s Resp. to Order to Show Cause* at 1 (ECF No. 91) (*Def.'s Show Cause Resp.*). He explains that he relied on AI software to "look up legal terms, procedures, and authorities" without realizing that the software he was using "used example data, placeholders, and hypothetical cases to demonstrate functionality." *Id.* at 2. He avers he used AI software to assist his drafting process and keep organized, but that he did not realize the software generated "invented or hallucinated citations." *Id.* He asks the Court to not impose sanctions or a *Cok* filing restriction and promises he "will personally verify every case [he] cite[s] moving forward [and] will not use AI to insert legal quotations unless [he] can confirm them word-for-word." *Id.* at 3. He also states he "will slow down [his] filings and focus only on what matters most." *Id.*

## II.  DISCUSSION

The Court accepts Mr. Beall's representations that his miscitations were a product of his reliance on imperfect AI software and that it was not his intent to mislead the Court and concludes it will not impose the monetary sanctions requested by the Plaintiffs under Rule 11 at this time. The Court appreciates that Mr. Beall was forthright in his admitting his use of AI software and recognizes that, for a pro se litigant especially, AI software offers a tempting tool to offset the disadvantage of appearing in an unfamiliar court setting. Even so, as Mr. Beall recognizes in his response, a pro se litigant must not provide the Court with erroneous and factitious citations and has an obligation to review documents filed

3

with the Court to make certain they are scrupulously accurate. *See Def.'s Resp. to Order to Show Cause* at 1-3.

In general, although courts are solicitous toward pro se litigants, there are "reasonable limits." *United States v. Valdez*. 88 F.4th 334, 344 n. 7 (1st Cir. 2023) (quoting *Dutil v. Murphy*, 550 F.3d 154, 158-59 (1st Cir. 2008)). Pro se litigants "must be held generally to the same standards as an attorney," *Doe v. Solvay Pharms., Inc.*, 350 F. Supp. 2d 257, 260 n.3 ((D. Me. 2004), and, put simply, if an attorney made a filing with this Court rife with miscitations and AI hallucinations, that attorney would likely be subject to sanctions.

The Court therefore strongly cautions Mr. Beall that his use of AI software provides no excuse for miscitations, misrepresentations, or any other errors contained within his filings. Regardless of the drafting tools he uses, Mr. Beall is responsible for his submissions in this Court, and the Court will not tolerate incorrect or misleading citations of law. The Court accepts Mr. Beall's promise that he "will personally verify every case [he] cite[s] moving forward" and that he "will not use AI to insert legal quotations unless [he] can confirm them word-for-word" and thus will not impose the contemplated filing restriction prohibiting Mr. Beall from submitting filings in this case without prior permission under *Cok*, 985 F.2d 32, at this time. *Def.'s Show Cause Resp*. at 3.

This is the one and only warning the Court will issue to Mr. Beall, and the Court will hold him to his promise. Given the repeated and egregious nature of Mr. Beall's miscitations, the Court imposes the following sanction on Mr. Beall pursuant

4

to *Cok v. Family Court of Rhode Island*, 985 F.2d 32 (1st Cir. 1993). In each of his future filings, Mr. Beall must include a written representation that he has personally checked each legal citation and each citation is accurate and stands for its asserted proposition. In the future, should the Court identify any miscitations or factitious quotations, Mr. Beall remains on notice that additional filing restrictions and more severe sanctions may well be in the offing.

Finally, the Court notes that it issues this order pursuant to its Order to Show Cause, not in direct response to Plaintiffs' motion for sanctions. Although the Court appreciates the Plaintiffs' bringing the miscitation issue to its attention, the Court has deemed it wiser to impose this sanction based on its Order to Show Cause and Mr. Beall's concession, rather than based on the Plaintiffs' motion, since the question of the appropriate sanction for an AI-generated deficient filing is more an issue for the Court than for the opposing parties.

### III.  CONCLUSION

The Court NOTES Plaintiff's response to the Court's Order to Show Cause (ECF No. 90) and ORDERS that, for each future filing, Mr. Beall include a written representation that he has personally checked each legal citation and each citation is accurate and stands for its asserted proposition.

The Court further DISMISSES without prejudice Plaintiffs' Motion for Sanctions Due to Defendant's Use of Fictitious Case Citations (ECF No. 85) as mooted by the Court's order imposing a certification requirement on Mr. Beall's future filings.

SO ORDERED.

                                              /s/ John A. Woodcock, Jr.
                                              JOHN A. WOODCOCK, JR.
                                              UNITED STATES DISTRICT JUDGE

Dated this 24th day of July, 2025