UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| EVERETT J. PRESCOTT, INC., et al.,  )  |   |
| )   |  |
| Plaintiffs,  )   |   |
| ) |   |
| v.  ) | 1:25-cv-00071-JAW |
| ) |   |
| TIMOTHY J. BEALL,  ) |   |
| ) |   |
| Defendant.  ) |   |

**ORDER ON DEFENDANT'S REQUESTS TO COMPEL APPEARANCES AND *COK* ORDER**

Shortly after the court issued an omnibus order resolving a litany of pending motions, staying the ferociously litigated case pending a status conference, and cautioning a defendant of potential restrictions should he continue to inundate the docket with duplicative filings, the pro se defendant requests the court compel the appearance of witnesses at the status conference and files multiple notices alleging misconduct of plaintiffs and their counsel. The court denies the defendant's request to compel appearances of witnesses at the status conference and, in light of the continued onslaught of filings, restricts the defendant from making further filings on the docket without the court's permission until the status conference is held.

**I.     BACKGROUND**

In light of the rapidity of recent developments, the Court limits its recitation of this case's background to only the filings relevant to this order.[1]

---

[1]     A comprehensive procedural history of this entire case is included in the Court's recently issued omnibus order. *See Omnibus Order and Order Staying Case* (ECF No. 139).

On March 3, 2025, Everett J. Prescott, Inc. (EJP or the Company) filed a civil complaint against former employee Timothy J. Beall, asserting claims of defamation per se, tortious interference with advantageous economic relationships, and intentional infliction of emotional distress (IIED) and requesting a temporary restraining order (TRO) and preliminary injunction. *Verified Compl. for TRO and Other Relief* ¶¶ 1-3 (ECF No. 1) (*Compl.*). The Court issued an order granting the requested TRO with regard to the defamation claim for statements on social media, but otherwise denying in part EJP's requested TRO on March 5, 2025. *Order on TRO* (ECF No. 7). On March 10, 2025, EJP filed an amended complaint, adding Paul Van Savage as a co-plaintiff, adding factual allegations addressing events post-dating the filing of the original complaint, and reiterating its request for preliminary injunctive relief. *Verified Am. Compl.* (ECF No. 12) (*Am. Compl.*). The Court held a hearing on EJP's and Mr. Van Savage's (together, the Plaintiffs) request for a preliminary injunction on March 18, 2025, for which Mr. Beall did not appear. *Min. Entry* (ECF No. 20). The Court thus issued an order preliminarily enjoining Mr. Beall from:

1. Posting any defamatory content on public social media sites about either of the Plaintiffs;

2. Communicating with Plaintiff Van Savage through any means;

3. Making defamatory statements to current customers of EJP through any means about EJP's business and operations; and

4. Entering or being within 500 yards of Plaintiff Van Savage's personal property or premises.

*Prelim. Inj.* at 2 (ECF No. 24); *see also Order on Mot. for Prelim. Inj.* (ECF No. 23).

On April 14, 2025, the Plaintiffs moved for an entry of default against Mr. Beall, who had yet to make an appearance or filing in this case, which the Clerk of Court granted that same day. *Pls.' Mot. for Entry of Default Against Def. Timothy J. Beall* (ECF No. 25); *Order* (ECF No. 26) (*Entry of Default*). The Plaintiffs then moved for default judgment against Mr. Beall on April 24, 2025. *Pls.' Mot. for Default J.* (ECF No. 27). The Court held a hearing on the motion for default judgment on May 29, 2025; however, shortly before the hearing, Mr. Beall filed a motion to vacate the default, and then he entered an appearance at the hearing. *Mot. to Vacate Default J.* (ECF No. 31); *Min. Entry* (ECF No. 34); *Tr. of Proceedings* (ECF No. 35). Mr. Beall appeared without counsel but stated that he had retained counsel, and the Court thus directed Mr. Beall to have his counsel enter an appearance within seven days, for the Plaintiffs to respond to his motion to vacate default in the same timeframe, and for Mr. Beall or his counsel to file a reply within seven days thereafter. *Min. Entry*; *Tr. of Proceedings*. The Court further reiterated the terms of the preliminary injunction, to ensure Mr. Beall understood the Court's order. *Tr. of Proceedings* at 13:8-14:5.

In the eight weeks following the hearing, the parties, particularly Mr. Beall, inundated the docket with nearly ninety filings and over fifteen motions for relief, including motions to compel production of evidence, for sanctions, for judicial notice, to strike and seal documents on the record, and other relief, as well as unauthorized sur-replies and other filings out of accordance with the Federal Rules of Civil Procedure and District of Maine Local Rules. Acting pro se, Mr. Beall filed the

3

lion's share. On July 24, 2025, the Court issued a 134-page omnibus order, addressing the multitude of filings and resolving the pending motions. *Omnibus Order and Order Staying Case* (ECF No. 139) (*Omnibus Order*). In relevant part, the Court's omnibus order "expressly caution[ed] Mr. Beall that the time spent on duplicative and non-essential filings takes away from the Court's time to rule other important matters, including those within this case" and that his "near-daily filings have placed a substantial burden on the Court Clerk," informing him that "filing restrictions may be in the offing" pursuant to *Cok v. Family Court of Rhode Island*, 985 F.2d 32 (1st Cir. 1993). *Id.* at 79. Further, "in recognition of "an urgent need to regain control over its docket and set clear expectations for how this case will proceed," the Court "order[ed] this case stayed pending the status conference and instruct[ed] the parties to cease submitting further filings unless absolutely necessary until the status conference is held." *Id.* at 129-30. The Clerk of Court scheduled the status conference to be held on August 14, 2025. *Notice* (ECF No. 144).

Nonetheless, in the week since the omnibus order was issued on July 24, 2025, Mr. Beall has filed twelve additional notices on the case's docket containing duplicative requests for the Court to compel the attendance of various EJP officers and employees at the status conference, as well as further allegations of prosecutorial misconduct based on recent developments. *See Def.'s Notice Regarding Requested Attendance of Corp. Representatives at Status Conf.* (ECF No. 142) (*Def.'s First Notice*); *Def.'s Notice Regarding Request for Live Attendance of Key*

4

*Corp. Representatives at Status Conf.* (ECF No. 145) (*Def.'s Second Notice*); *Def.'s Notice Regarding Potential Intimidation, Third-Party Contact, and Escalation of Harassment* (ECF No. 146) (*Def.'s Third Notice*); *Def.'s Notice Regarding New Threats, Unidentified Corp. Actor, and Escalation of Intimidation Attempts* (ECF No. 147) (*Def.'s Fourth Notice*); *Def.'s Notice Regarding Demand for Documentation from Third Party Associated with Pls.* (ECF No. 148) (*Def.'s Fifth Notice*); *Def.'s Notice Regarding Impending Right-to-Sue Deadline in Mass. Civ. Rights Action* (ECF No. 149) (*Def.'s Sixth Notice*); *Def.'s Notice Regarding Harassment, Safety Concerns, and Req. for Protection Under Me. Law* (ECF No. 150) (*Def.'s Seventh Notice*); *Def.'s Notice Regarding Improper Third-Party Commc'n and Req. for Sworn Testimony* (ECF No. 151) (*Def.'s Eighth Notice*); *Def.'s Suppl. Notice Regarding Third-Party Commc'n, Req. for Identification, and Reaffirmation of Non-Threatening Intent* (ECF No. 152) (*Def.'s Ninth Notice*); *Def.'s Notice Regarding Contact from Family Member of Key Pl. Witness* (ECF No. 153) (*Def.'s Tenth Notice*); *Def.'s Notice Regarding Retaliatory Intimidation Following Settlement Outreach and Escalation of Demand for Name Removal* (ECF No. 154) (*Def.'s Eleventh Notice*); *Def.'s Notice Regarding Pls.' Apparent Paralysis and Ongoing Failure to Participate* (ECF No. 155) (*Def.'s Twelfth Notice*).

**II.    DISCUSSION**

The Court issues this order to reiterate the purpose of the status conference and impose a filing restriction on Mr. Beall pursuant to *Cok v. Family Court of Rhode Island*, 985 F.2d 32 (1st Cir. 1993).

### A. Timothy J. Beall's Requests to Compel Appearances of Witnesses at the Status Conference

First, the Court scheduled a status conference to be held on August 14, 2025 based on its recognition of an "urgent need to regain control over its docket and set clear expectations for how this case will proceed." *Omnibus Order* at 129; *see also id.* at 125 ("The Court will thus hold a status conference in person and, when scheduled, expects both Plaintiffs' counsel and Mr. Beall to be present at the United States District Court for the District of Maine in Portland, Maine to discuss the status of this case and establish clear guidelines on how this case will proceed"); *id.* at 126 ("Defendant's request for a hearing to present evidence on his allegations has been mooted by the Court resolution to hold a status conference with the parties to discuss the state of this proceeding and set clear boundaries for how it will proceed").

Mr. Beall now asks the Court to compel the appearance of certain EJP officers and employees at the status conference, insisting these individuals should be ordered to appear "as either directly involved in the decisions that gave rise to this litigation or as key actors in the pattern of misconduct described in Defendant's counterclaims and supplemental filings." *Def.'s Second Notice* at 1-2. Mr. Beall subsequently added a request to compel the attendance of Wayne Black, a private security consultant purportedly hired by Plaintiffs' counsel who has contacted Mr. Beall. *See, e.g.*, *Def.'s Eighth Notice* at 1-2. Mr. Beall insists that the presence of such individuals at the status conference is necessary to "materially assist the Court in assessing the scope and character of the case as it currently stands." *Def.'s*

6

*Second Notice* at 2; *see also id.*, Attach. 1, *Email re: Final Demand for Personnel File and Notice Regarding Digital Surveillance and Disc. Preparation* at 2 (in an email to Plaintiffs' counsel, demanding the individuals named "be present and prepared for questioning, both by me and, I would assume, by Judge Woodcock himself."); *Def.'s Eighth Notice* at 1 ("Defendant formally requests that Mr. Black be ordered to appear and testify under oath at the upcoming August 14, 2025 status conference").

Mr. Beall's demands for the appearance of witnesses fundamentally misunderstand the purpose and scope of the scheduled August 14, 2025 status conference. The status conference is not a testimonial hearing to adjudicate the merits of the Plaintiffs' claims against Mr. Beall, nor Mr. Beall's counterclaims against the Plaintiffs. As the Court plainly stated in its omnibus order, it has deemed a status conference necessary "to discuss the status of this case and establish clear guidelines on how this case will proceed." *Omnibus Order* at 125. The Court ordered the scheduling of a status conference in the omnibus order so that the case can "proceed in an orderly fashion," not to adjudicate a contested evidentiary hearing. *Omnibus Order* at 2.

As the Court observed in its omnibus order, "both Plaintiffs' counsel and Mr. Beall [must be] present at the United States District Court for the District of Maine in Portland, Maine to discuss the status of this case and establish clear guidelines on how this case will proceed." *Omnibus Order* at 125.

7

### B.  *Cok* Filing Restriction

Next, the Court turns to a filing restriction pursuant to *Cok v. Family Court of Rhode Island*, 985 F.2d 32 (1st Cir. 1993), as expressly contemplated in the omnibus order. *Id.* at 79. After explaining at length the substantial burden Mr. Beall had imposed on the Court by submitting redundant filings on a near-daily basis for eight weeks, the Court informed Mr. Beall that:

> The Court reminds Mr. Beall that it is a forum not just for his case but for important criminal cases and meritorious civil claims. The Court expressly cautions Mr. Beall that the time spent on duplicative and non-essential filings takes away from the Court's time to rule other important matters, including those within this case. Further, Mr. Beall's near-daily filings have placed a substantial burden on the Court Clerk, who for each of his filings is tasked with managing intake, setting up the filing on the ECF docket, and monitoring the deadlines of any motion for relief. First Circuit caselaw is clear that, pursuant to *Cok*, a court may restrict litigants, even pro se, for "frivolous filings [that] waste judicial resources and inhibit the resolution of substantial matters within the Court's jurisdiction." *Est. of Buenaventura v. Exec. Office of the President*, No. 2:23-cv-00325-JDL, 2024 U.S. Dist. LEXIS 2431, at *5 (D. Me. Jan. 5, 2024) (citing *Adams v. Adams*, No. 1:17-cv-00200-GZS, 2019 U.S. Dist. LEXIS 110251, at *1-2 (D. Me. July 2, 2019)). Mr. Beall's multitude of filings have done exactly that. Consistent with *Cok* and its requirement to warn litigants of potential filing restrictions, the Court expressly warns Mr. Beall that "filing restrictions may be in the offing." *Cok*, 985 F.2d at 35.
>
> Specifically, the Court is considering imposing a filing restriction against Mr. Beall that will require him to file a motion for leave to make filings in the court. Before any future filing, the Court is contemplating requiring Mr. Beall to certify in each motion for leave to file that the proffered filing is 1) authorized by the Federal Rules of Civil Procedure, 2) directly relevant to a motion presently pending before the Court, and 3) not entirely duplicative of information already presented to the Court. If the Court imposes a *Cok* filing restriction on Mr. Beall, it will review the submitted filing to determine whether the filing is authorized by the federal rules, serves a purpose on the docket beyond reiterating previously stated information, and is not intemperate and derogatory. If so, the Court would grant the motion

8

      for leave to file and the filing would be docketed.  If the filing does not comply with the federal rules or serves no purpose on the docket, the Court would not allow its docketing.

*Id.* at 79-80.

Further, at the end of its order, the Court reiterated the outsized burden created by the volume of filings and ordered the case stayed pending the status conference.  *Id.* at 129-30 ("In light of the immense and onerous burden the parties' approach to this proceeding have placed on the Court thus far, the Court identifies an urgent need to regain control over its docket and set clear expectations for how this case will proceed.  To stem the unrelenting tide of filings, the Court in its discretion orders this case stayed pending the status conference and instructs the parties to cease submitting further filings unless absolutely necessary until the status conference is held").

Neither the Court's word of caution nor its order staying the case deterred Mr. Beall from continuing to submit filings; indeed, twelve new Beall filings in one week constitute an acceleration.  Further, Mr. Beall's latest slew of filings continue to inundate the Court's docket, and the personnel in charge of managing it, with duplicative information.  *Compare Def.'s First Notice* (informing Court of his email to Plaintiffs demanding attendance of EJP officers and employees) *with Def.'s Second Notice* (same)*; compare also Def.'s Third Notice* (informing Court of communication from Mr. Black and alleging Plaintiffs' involvement) *with Def.'s Fourth Notice* (same and requesting compulsory attendance of Mr. Black at status conference)*; Def.'s Fifth Notice* (same and requesting court order compelling production of evidence relating to Plaintiffs' retention of Mr. Black)*; Def.'s Seventh*

9

*Notice* (same)*; Def.'s Eighth Notice* (same and again requesting compulsory attendance of Mr. Black at status conference)*; Def.'s Ninth Notice* (same and again requesting court order compelling production of evidence relating to Plaintiffs' retention of Mr. Black).

As the Court informed Mr. Beall in the July 24, 2025 omnibus order, "[t]he Court takes substantial time to carefully review each of the filings submitted to it. On review of Mr. Beall's numerous filings, it is apparent that his filings, however packaged, recite much of the same information and allegations ad nauseum." *Omnibus Order* at 78. Quoting the First Circuit Court of Appeals, the Court placed Mr. Beall on notice only seven days ago that "a court may restrict litigants, even pro se, for 'frivolous filings [that] waste judicial resources and inhibit the resolution of substantial matters within the Court's jurisdiction.'" *Omnibus Order* at 79-80 (quoting *Est. of Buenaventura v. Exec. Office of the President*, No. 2:23-cv-00325-JDL, 2024 U.S. Dist. LEXIS 2431, at *5 (D. Me. Jan. 5, 2024) (in turn citing *Adams v. Adams*, No. 1:17-cv-00200-GZS, 2019 U.S. Dist. LEXIS 110251, at *1-2 (D. Me. July 2, 2019))). As Mr. Beall has failed or refused to abide by the Court's warning, and the Court concludes that a filing restriction is warranted. *See In re McDonald*, 489 U.S. 180, 184 (1989) (holding it is the responsibility of the courts "to see that [limited judicial] resources are allocated in a way that promotes the interests of justice"); *accord Dietz v. Bouldin*, 579 U.S. 40, 47 (2016) ("district courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases").

Specifically, the Court imposes the restriction contemplated in its omnibus order, *see id.* at 80, and restricts Mr. Beall from making further filings prior to the August 14, 2025 status conference without the Court's permission. Should he wish to submit any filing before the status conference, Mr. Beall is ordered to file an accompanying motion for leave to file that sets forth in clear terms why the proffered filing is: 1) authorized by the Federal Rules of Civil Procedure and/or District of Maine Local Rules, 2) directly relevant to a motion presently pending before the Court, and 3) not entirely duplicative of information already presented to the Court.[2] The motion for leave to file must not exceed three pages and he must attach to the motion for leave the proposed filing. The Court will review the motion for leave to file and the proffered filing to determine whether the filing is authorized by the federal and local rules, serves a purpose on the docket beyond reiterating previously stated information, and is not intemperate or derogatory. If so, the Court would grant the motion for leave to file and the filing would be docketed. If the filing does not comply with the federal and local rules or serves no purpose on the docket, the Court would not allow its docketing.

In accordance with the First Circuit mandate, the Court has tailored this *Cok* restriction as narrowly as possible and notes that this *Cok* order shall not apply to the entry of appearance or other filing of an attorney who enters an appearance representing Mr. Beall. *See Cok*, 985 F.2d at 34.

---

[2] Should Mr. Beall continue to represent himself in this case, the Court again directs Mr. Beall to consult the resources for self-represented parties provided by the Court Clerk "for detailed information on how to properly proceed in this matter." *Omnibus Order* at 104-05 (citing *Notice* (ECF No. 32)).

## III. CONCLUSION

The Court DENIES Timothy J. Beall's Notice Regarding Request for Live Attendance of Key Corporate Representatives at Status Conference (ECF No. 145) and Notice Regarding Improper Third-Party Communication and Request for Sworn Testimony (ECF No. 151) insofar as these filings request the Court to compel the appearance of Everett J. Prescott, Inc.'s employees and officers and Wayne Black at the August 14, 2025 status conference.

The Court further ORDERS the following filing restriction: Timothy J. Beall shall not make any further filings in this case prior to the August 14, 2025 status conference without first obtaining an order from this Court allowing the filing. *See Cok v. Family Ct. of R.I.*, 985 F.2d 32, 34-35 (1st Cir. 1993). Before making any filing prior to the status conference, Mr. Beall must file a motion with the Court for leave to make the filing. The Court shall review the motion for leave to file and the proposed filing, and only if the Court determines that the filing is 1) authorized by the federal and local rules, 2) directly relevant to a motion presently pending before the Court or to the currently scheduled status conference, and 3) not entirely duplicative of information already presented to the Court will Mr. Beall's proposed filing be docketed. If the Court determines that Mr. Beall's proffered filing complaint fails to satisfy any of these requirements, the proposed filing will not be docketed.

In accordance with its imposed restriction the Court DIRECTS the Court Clerk not to docket any new filings from Mr. Beall pending the August 14, 2025

12

status conference unless the Court has reviewed the proposed filing and ordered its docketing.

    SO ORDERED.

                        <u>/s/ John A. Woodcock, Jr.</u>
                        JOHN A. WOODCOCK, JR.
                        UNITED STATES DISTRICT JUDGE

Dated this 31st day of July, 2025