UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| EVERETT J. PRESCOTT, INC., et al. | ) | |
| | ) | |
|    Plaintiffs/Counterclaim Defendants, | ) | |
| | ) | |
| v. | ) | 1:25-cv-00071-JAW |
| | ) | |
| TIMOTHY J. BEALL, | ) | |
| | ) | |
|    Defendant/Counterclaim Plaintiff. | ) | |

**ORDER DENYING DEFENDANT'S MOTION FOR LEAVE TO FILE**

The court denies an enjoined filer's two motions for leave to file for his failure to comply with the terms of the filing restriction previously imposed by the court pursuant to *Cok v. Family Court of Rhode Island*, 985 F.2d 32 (1st Cir. 1993).

**I.   BACKGROUND**[1]

On July 31, 2025, as a result of nearly one hundred filings in the past two months, the Court ordered Timothy J. Beall, the defendant and counterclaim plaintiff in this case, restricted from making further filings on this case's docket prior to the August 14, 2025 status conference without the Court's permission pursuant to *Cok v. Family Court of Rhode Island*, 985 F.2d 32 (1st Cir. 1993). *See Order on Def.'s Reqs. to Compel Appearances and* Cok *Order* (ECF No. 159) (Cok *Order*); *see also Omnibus Order and Order Staying Case* at (ECF No. 139) (*Omnibus Order*) ("the Court expressly cautions Mr. Beall that filing restrictions may be in the offing should he continue to submit filings, untethered to any motion for relief, that

---

[1] A comprehensive procedural history of this entire case is included in the Court's recently issued omnibus order. See *Omnibus Order and Order Staying Case* (ECF No. 139). Here, the Court limits its recitation of the background to the filings relevant to this order.

present duplicative information and serve no substantive purpose"). Describing the filing restriction imposed, the Court explained:

> Should he wish to submit any filing before the status conference, Mr. Beall is ordered to file an accompanying motion for leave to file that sets forth in clear terms why the proffered filing is: 1) authorized by the Federal Rules of Civil Procedure and/or District of Maine Local Rules, 2) directly relevant to a motion presently pending before the Court, and 3) not entirely duplicative of information already presented to the Court. The motion for leave to file must not exceed three pages and he must attach to the motion for leave the proposed filing. The Court will review the motion for leave to file and the proffered filing to determine whether the filing is authorized by the federal and local rules, serves a purpose on the docket beyond reiterating previously stated information, and is not intemperate or derogatory. If so, the Court would grant the motion for leave to file and the filing would be docketed. If the filing does not comply with the federal and local rules or serves no purpose on the docket, the Court would not allow its docketing.

Cok *Order* at 11.

Soon after the Court issued its *Cok* order, Mr. Beall filed a motion for leave to file an audio recording of a phone call between himself and a Federal Bureau of Investigation (FBI) agent, asserting the recording "constitutes a relevant and non-redundant development warranting judicial awareness" and the Court should "allow its admission to the docket for preservation and context." *Def.'s Mot. for Leave to File Audio Recording of Phone Call Following Contact from Alleged FBI Agent* (ECF No. 159) (*Def.'s First Mot. for Leave*). He expressly "assures the Court that no further duplicative filings will be submitted, and that all future submissions will strictly comply with both the Federal Rules of Civil Procedure and the Court's specific directives, including the July 31, 2025 Order imposing a filing restriction pursuant to Cok . . . ." *Id.* at 2.

The next day, Mr. Beall submitted a further motion for leave to file, in this instance seeking to file a notice regarding communications between the Defendant and an officer of the Shrewsbury, Massachusetts Police Department. *Def.'s Mot. for Leave to File Notice Regarding Post-Restraining Order Law Enforcement Contacts, Including Purported FBI and Loc. Police Following Settlement Outreach* (*Def.'s Second Mot. for Leave to File*). In this motion, Mr. Beall explains that he received a voicemail from a Shrewsbury, Massachusetts police officer and, when he returned the call, learned that the Shrewsbury Police Department (Shrewsbury PD) had been contacted by an individual connected with the Plaintiffs asking the Shrewsbury PD to investigate Mr. Beall for "threatening to hurt people." *Id.* at 1-2. Mr. Beall alleges this development "creates the appearance of harassment, witness intimidation, and bad faith conduct" and "warrants inclusion on the docket for both transparency and preservation of the record." *Id.* at 2.

## II.   DISCUSSION

The Court denies both Mr. Beall's motions as violative of the instructions of the *Cok* order by failing to "set[] forth in clear terms why the proffered filing is: 1) authorized by the Federal Rules of Civil Procedure and/or District of Maine Local Rules, 2) directly relevant to a motion presently pending before the Court, and 3) not entirely duplicative of information already presented to the Court." Cok *Order* at 11.

### A.   Mr. Beall's First Motion for Leave to File

Beginning with Mr. Beall's first motion for leave to file an audio recording of his telephone call with the FBI, the Court concludes this proffered filing does not

satisfy the Court's stated requirements for additional filings prior to the status conference.

First, Mr. Beall submits the audio recording "solely for the purpose of preserving the factual record" in this case. *Def,'s Mot. for Leave* at 1. Mr. Beall cites no federal or local rules that authorize the submission of standalone pieces of evidence on the Court record, and the Court has already plainly explained to Mr. Beall, "[t]he Court's record is not a digital storage device, nor is the Court itself intended or authorized to make snap-judgments based on incomplete or one-sided information." *Omnibus Order* at 78; *see also id.* at 99 ("the legal system does not provide for piecemeal review of evidence, untethered to any motion"). It is procedurally improper to submit individual pieces of evidence on the record merely "for preservation and context." *Def.'s Mot. for Leave* at 2.

Second, Mr. Beall's proffered submission of a recorded phone call between himself and an FBI agent does not bear on any motion now before the Court. The only pending motions are Defendant's motion for sanctions against Plaintiffs' counsel, *Def.'s Mot. for Sanctions and Notice of Potential Agency Referrals for Pls.' Misconduct* (ECF No. 138) (*Def.'s Mot. for Sanctions*), and motion to compel Plaintiffs' counsel to confirm participation. *Def.'s Mot. to Compel Opposing Counsel to Confirm Participation and Facilitate Required Commc'n* (ECF No. 156). Neither motion describes communications with the FBI by opposing counsel,[2] and, further, the FBI is an independent law enforcement agency that exercises its own judgment

---

[2] Ironically, in his July 24, 2025 motion for sanctions, Mr. Beall notifies the Court that he may refer Plaintiffs' counsels' conduct to the Department of Justice. *Def.'s Mot. for Sanctions* at 3-4.

in determining whether conduct warrants investigation. Thus, the proffered recording of a phone call between the FBI and Mr. Beall does not implicate any pending motions in this case.

Third, the Court has "order[ed] this case stayed pending the status conference and instruct[ed] the parties to cease submitting further filings unless absolutely necessary until the status conference is held." *Omnibus Order* at 130. In its subsequent *Cok* order, the Court ordered Mr. Beall to cease submitting filings with the Court before the August 14, 2025 status conference unless the filing comports with federal and local rules, relates to a pending motion, and is not duplicative. The content of a conversation between Mr. Beall and an FBI agent is not an absolute necessity since it is a standalone piece of evidence unrelated to a properly filed and relevant motion before the Court. For the same reasons, the filing violates the Court's *Cok* order because it is not consistent with any federal or local rule and does not relate to a pending motion. It further contradicts Mr. Beall's stated promise to "slow down [his] filings and focus only on what matters most." *Def.'s Resp. to Order to Show Cause* (ECF No. 91).

### B.   Mr. Beall's Second Motion for Leave to File

Turning to Mr. Beall's second motion for leave to file, this one submitting a notice describing communications between Mr. Beall and a Shrewsbury, Massachusetts police officer, the Court again concludes his proffered filing is prohibited by the terms of the *Cok* order.

First, the Court plainly instructed Mr. Beall, "should he wish to submit any filing before the status conference, . . . to file an accompanying motion for leave to

5

file," explaining that "he must attach to the motion for leave the proposed filing." Cok *Order* at 11.  Here, Mr. Beall proposes "to file a supplemental notice, with accompanying evidence if permitted, detailing this pattern of escalating contact," *Def.'s Second Mot. for Leave to File* at 2, but he has failed to attach the proposed filing to his motion for leave to file.

More importantly, Mr. Beall's second motion for leave to file fails to present the information the Court specifically required to entitle him to make additional filings.  Mr. Beall's second motion for leave to file lacks even a cursory explanation of why his proffered filing is "authorized by the Federal Rules of Civil Procedure and/or District of Maine Local Rules," as required in the *Cok* order.  Cok *Order* at 1. Nor does Mr. Beall "set[] forth in clear terms" his position on the Court's other mandatory questions of why the proffered filing is " 2) directly relevant to a motion presently pending before the Court, and 3) not entirely duplicative of information already presented to the Court."  *Id.*  These three specific questions were not suggestions; Mr. Beall must address each of them directly in any motion for leave to file for the Court to consider whether his proffered filing should be docketed.  He has failed to do so here.

The Court denies Mr. Beall's second motion for leave to file.  The motion for leave to file will be docketed only for the purpose of preserving a record of his request and the Court's denial; however, Mr. Beall is not permitted "to file a supplemental notice, with accompanying evidence if permitted, detailing this pattern of escalating contact" as he requests and the Court will not consider the

6

substantive contents of his motion for leave to file for the purposes of resolving any other pending motions.

## III. CONCLUSION

The Court DENIES Timothy J. Beall's Motion for Leave to File Audio Recording of Phone Call Following Contact from Alleged FBI Agent (ECF No. 159).

The Court further DENIES Timothy J. Beall's Motion for Leave to File Notice Regarding Post-Restraining Order Law Enforcement Contacts, Including Purported FBI and Local Police Following Settlement Outreach. The Court DIRECTS the Court Clerk to enter Mr. Beall's filing, the motion for leave to file, on the docket only for the purpose of documenting a record of his request being made and to provide a backdrop for this order.

SO ORDERED.

<u>/s/ John A. Woodcock, Jr.</u>
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 4th day of August, 2025