UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| EVERETT J. PRESCOTT, INC., et al. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | 1:25-cv-00071-JAW |
| | ) | |
| TIMOTHY J. BEALL, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ISSUING *COK* WARNING**

The court issues a *Cok* warning against a litigant, warning that filing restrictions are on the horizon if the litigant's pattern of inundating the court with duplicative and unnecessary filings continues.

**I.   BACKGROUND**

The Court briefly summarizes the procedural history.[1]  In March 2025, Everett J. Prescott, Inc. (EJP or the Company) and Paul Van Savage[2] filed a civil complaint raising several state tort law claims and seeking injunctive relief against former employee Timothy J. Beall for harassing EJP and its employees with threatening messages and defamatory statements on social media.  *Verified Compl. for TRO and Other Relief* ¶¶ 1-3 (ECF No. 1) (*Compl.*); *Am. Compl.*.  Two days later, the Court granted in part EJP's requested temporary restraining order, enjoining Mr. Beall

---

[1]  The Court's July 24, 2025 Omnibus Order recounts in greater detail the events in this case. *Omnibus Order and Order Staying Case* (ECF No. 139) (*Omnibus Order*).

[2]  On March 10, 2025, EJP amended its Complaint, adding Paul Van Savage as a co-plaintiff. *Verified Am. Compl.* (ECF No. 12) (*Am. Compl.*).

from posting defamatory content on public social media sites but not for Mr. Beall's private messages to EJP employees. *Order on TRO* at 32-33 (ECF No. 7). On March 27, 2025, the Court entered an order granting in part and dismissing in part EJP's request for a preliminary injunction and issued an order preliminarily enjoining Mr. Beall from:

1. Posting any defamatory content on public social media sites about either EJP or Mr. Van Savage;

2. Communicating with Mr. Van Savage through any means;

3. Making defamatory statements to current customers of EJP through any means about EJP's business and operations; and

4. Entering or being within 500 yards of Mr. Van Savage's personal property or premises.

*Prelim. Inj.* at 2 (ECF No. 24); *see also Order on Mot. for Prelim. Inj.* (ECF No. 23). Mr. Beall, acting pro se, entered his appearance on his own behalf on May 29, 2025, moving to vacate the entry of default. *Mot. to Vacate Default J.* (ECF No. 31).

From there, things quickly got out of hand. Over the next two months, a cascade of filings flooded the Court's docket, including at least twenty-five motions from the parties requesting court-ordered relief.

During that period, Mr. Beall filed at least seventy-five separate items on the docket.[3]

---

[3] *See Decl. of Timothy J. Beall* (ECF No. 38); *Compl. to Me. Bd. of Overseers of the Bar* (ECF No. 39); *Notice of Litigation Misconduct and Intent to Seek Rule 11 Sanctions* (ECF No. 40); *Def.'s Answer to Compl. and Countercls.* (ECF No. 41); *Compl. and Jury Demand* (ECF No. 42); *Suppl. Aff. in Support of Mot. to Vacate Default J.* (ECF No. 43); *Timeline of Key Events* (ECF No. 44); *Def.'s Opp'n to Pls.' Mot to Strike [Doc. 46]* (ECF No. 47); *Dismissal and Notice of Rights* (ECF No. 45); *Incident Rep.* (ECF No. 48); *Notice of Evid. Preservation and Intent to Refer for Crim. Review* (ECF No. 50); *Mot. for Jud. Notice and Preservation of Rec.* (ECF No. 51); *Mot. for Leave to File Countercls. and Request for Scheduling Order* (ECF No. 52); *Mot. for Leave to File Countercls. and Request for Scheduling Order* (ECF No. 53); *Suppl. to Mot. to Amend – Evid. of Coordinated Retaliation Across Jurisdictions* (ECF No. 54); *Emergency Mot. for Sanctions* (ECF No. 55); *Notice Regarding Jud. Efficiency and Continuing Harms* (ECF No. 57); *Notice to Proceed to Disc.* (ECF No. 58); *Notice of Relevant Jud. History* (ECF No. 59); *Suppl. Clarification Regarding Alleged Harm and Actual Damages Suffered* (ECF No. 60); *Mot. to Strike Reference to Non-Party Fam. Member from the Rec.* (ECF No. 61); *Notice of Suppl. Factual Statement and Preservation of Rec.* (ECF No. 62); *Notice of Ongoing Pattern of Retaliatory Conduct* (ECF No. 63); *Pro Se Def.'s Notice and Req. for Clarification Regarding Concurrent Civ. Rights Litigation Deadline* (ECF No. 64); *Suppl. Notice Regarding Service Location and Observed Conduct* (ECF No. 65); *Suppl. Notice Regarding Competitive Bidding Practices and Public Contract Influence* (ECF No. 66); *Notice Regarding Corporate Scale and Retaliatory Resp.* (ECF No. 67); *Mot. for In Camera Review of Evid.* (ECF No. 68); *Notice of Preserved Conduct Potentially Relevant Under RICO Statutes* (ECF No. 69); *Suppl. Decl. Regarding Economic Harm and Business Collapse* (ECF No. 70); *Notice of Public Statements by Opposing Counsel's Firm Regarding Mental Health and ADA Obligations* (ECF No. 72); *Def.'s Opp'n to Pls.' Mot to Dismiss Countercls.* (ECF No. 73);; *Notice Regarding Commc'n and Compliance with Rules of Ct.* (ECF No. 74); *Def.'s Resp. in Opp'n to Pls.' Mot. to Seal and Notice of Misrepresentation Regarding Shrewsbury Police Rep.* (ECF No. 77); *Def.'s Resp. in Opp'n to Pls.' Mot. for Civ. Contempt* (ECF No. 78); *Def.'s Suppl. Notice Regarding Pls.' Mot. to Seal and Misrepresentation of Shrewsbury Police Rep.* (ECF No. 79); *Def.'s Suppl. Decl. Regarding Resources, Employment Intentions, and Retaliation* (ECF No. 80); *Def.'s Mot. for Leave to File a Limited Sur-reply and Proposed Sur-reply to Pls.' Reply in Support of Their Motion to Strike Docket Nos. 38, 39, 40, 42 & 44 (ECF 81)* (ECF No. 82); *Notice of Material Misrepresentations and Req. for Status Conf.* (ECF No. 83); *Decl. of Timothy J. Beall* (ECF No. 87); *Def.'s Resp. to Pls.' Mot. for Sanctions* (ECF No. 89); *Def.s' Suppl. Resp. to Pls.' Reply in Support of Second Mot. for Civil Contempt (ECF 92)* (ECF No. 93); *Def.'s Notice Regarding Police Rep. Misrepresentations and Basis for Prior Statements* (ECF No. 94); *Def.'s Reply to Pls.' Opp'n to Mot. for Leave to File Countercls. and Req. for Scheduling Order* (ECF No. 99); *Def.'s Reply in Support of Mot. for Jud. Notice and Preservation of Rec.* (ECF No. 100); *Def.'s Reply in Support of Mot. for Sanctions* (ECF No. 101); *Def.'s Reply in Opp'n to Pls.' Reply in Support of Second Mot. for Contempt (ECF 97)* (ECF No. 102); *Verified Suppl. Statement and Timeline of Events* (ECF No. 103); *Def.'s Reply to Pls.' Opp'n to Emergency Mot. for Sanctions* (ECF No. 104); *Def.'s Suppl. Statement Regarding Pls.' Counsel's Pub. Commentary and Contradictory Litig. Posture* (ECF No. 105); *Def.'s Notice Regarding Anticipated Civ. Rights Filing In Mass.* (ECF No. 106); *Suppl. Statement of Def. Regarding Unaddressed Misconduct by Pl. and Counsel* (ECF No. 107); *Def.'s Mot. to Compel Discovery of Commc'ns and Elec. Recs.* (ECF No. 108); *Def.'s Mot. to Seal References to Non-Party Fam. Member (Sgt. James Murray)* (ECF No. 111); *Def.'s Mot. to Unseal Doc. 109 and Clarify Misrepresentation of Consent* (ECF No. 112); *Def.'s Reply in Support of Mot. to Unseal Doc. 109* (ECF No. 113); *Def.'s Suppl. Statement Regarding Opposing Counsel's Tone, Posture and Litig. Conduct* (ECF No. 114); *Def.'s Suppl. Filing – Ex. C: Mocking Resp. from Pls.' Counsel* (ECF No. 115); *Def.'s Req. for Status Conf. or Hr'g on Pls.' Conduct and Case Progression* (ECF No. 116);

Seeking to gain control over its docket and orient this case toward an orderly resolution, on July 24, 2025, the Court issued a one-hundred-and-thirty-four-page omnibus order and scheduled a status conference. *Omnibus Order* at 129; *see also id.* at 125 ("The Court will thus hold a status conference in person and, when scheduled, expects both Plaintiffs' counsel and Mr. Beall to be present at the United States District Court for the District of Maine in Portland, Maine to discuss the status of this case and establish clear guidelines on how this case will proceed"); *id.* at 126. Considering "the immense and onerous burden [of] the parties' approach to this proceeding," the Court also "order[ed] this case stayed pending the status conference and instruct[ed] the parties to cease submitting further filings unless absolutely necessary until the status conference is held." *Id.* at 129-30. The Clerk of Court scheduled the status conference to be held on August 14, 2025. *Notice* (ECF No. 144).

In addition to clearing the jam of pending motions, the Court's Omnibus Order issued a *Cok* warning to Mr. Beall, explaining that filing restrictions were on the horizon should his barrage of filings continue.

---

*Def.'s Reply inSupport of Notice and Req. for Clarification Regarding Concurrent Civ. Rights Litig. Deadline* (ECF No. 118); *Def.'s Mot. to Compel Release and Filing of Full Personnel Rec. and Termination Documentation* (ECF No. 119); *Def.'s Reply in Support of Mot. for In Camera Review* (ECF No. 121); *Suppl. Decl. of Timothy J. Beall* (ECF No. 122); *Def.'s Notice of Anticipated Civ. Rights Cls. And Formal Demand for Evid. Preservation* (ECF No. 123); *Def.'s Suppl. Notice Regarding Preservation of Personal Device Used by Key Witness* (ECF No. 124); *Def.'s Suppl. Decl.* (ECF No. 125); *Def.'s Notice of Clarification Regarding Suppl. Evid. Submission* (ECF No. 126); *Def.'s Suppl. Notice Regarding Selective Retaliation, Workplace Threats, and HR Misconduct* (ECF No. 128); *Def.'s Suppl. Notice Regarding Retaliatory Terminations and Workplace Discrimination* (ECF No. 130); *Def.'s Notice Regarding Jurisdictional Conflict and Anticipated Class Action Litig.* (ECF No. 131); *Def.'s Notice Regarding Selective Sealing, Pub. Safety, and Exposure of Fam. Members* (ECF No. 132); *Def.'s Suppl. Notice Regarding Procedural Status, Evidentiary Filings, and Hardship Timeline* (ECF No. 133); *Def.'s Mot. to Order Pls. to Show Cause* (ECF No. 134); *Def.'s Req. for In-Person Hr'g on Mot. to Show Cause and Pls.' Conduct* (ECF No. 135); *Def.'s Supp. Notice Regarding Discovery, Criminal Proceedings, Upcoming Civil Filings, and Personal Conduct* (ECF No. 137).

> The Court reminds Mr. Beall that it is a forum not just for his case but for important criminal cases and meritorious civil claims. The Court expressly cautions Mr. Beall that the time spent on duplicative and non-essential filings takes away from the Court's time to rule other important matters, including those within this case. Further, Mr. Beall's near-daily filings have placed a substantial burden on the Court Clerk, who for each of his filings is tasked with managing intake, setting up the filing on the ECF docket, and monitoring the deadlines of any motion for relief. First Circuit caselaw is clear that, pursuant to *Cok*, a court may restrict litigants, even pro se, for "frivolous filings [that] waste judicial resources and inhibit the resolution of substantial matters within the Court's jurisdiction." *Est. of Buenaventura v. Exec. Office of the President*, No. 2:23-cv-00325-JDL, 2024 U.S. Dist. LEXIS 2431, at *5 (D. Me. Jan. 5, 2024) (citing *Adams v. Adams*, No. 1:17-cv-00200-GZS, 2019 U.S. Dist. LEXIS 110251, at *1-2 (D. Me. July 2, 2019)). Mr. Beall's multitude of filings have done exactly that. Consistent with *Cok* and its requirement to warn litigants of potential filing restrictions, the Court expressly warns Mr. Beall that "filing restrictions may be in the offing." *Cok*, 985 F.2d at 35.
>
> Specifically, the Court is considering imposing a filing restriction against Mr. Beall that will require him to file a motion for leave to make filings in the court. Before any future filing, the Court is contemplating requiring Mr. Beall to certify in each motion for leave to file that the proffered filing is 1) authorized by the Federal Rules of Civil Procedure, 2) directly relevant to a motion presently pending before the Court, and 3) not entirely duplicative of information already presented to the Court. If the Court imposes a *Cok* filing restriction on Mr. Beall, it will review the submitted filing to determine whether the filing is authorized by the federal rules, serves a purpose on the docket beyond reiterating previously stated information, and is not intemperate and derogatory. If so, the Court would grant the motion for leave to file and the filing would be docketed. If the filing does not comply with the federal rules or serves no purpose on the docket, the Court would not allow its docketing.

*Id.* at 79-80.

Amid this flurry, on July 11, 2025, the Court identified several incorrect or fabricated citations in Mr. Beall's filings and directed him to explain the citation errors and any reliance on Artificial Intelligence (AI) software within seven days. *Order to Show Cause* (ECF No. 90). Mr. Beall acknowledged his use of AI and

5

promised to proceed more carefully in future. *Def.'s Resp. to Order to Show Cause* (ECF No. 91). Accordingly, on July 24, 2025, the Court ordered, "for each future filing, Mr. Beall include a written representation that he has personally checked each legal citation and each citation is accurate and stands for its asserted proposition." *Order on Pls.' Mot. for Sanctions and Courts Order to Show Cause* at 5 (ECF No. 140). None of Mr. Beall's subsequent filings includes this court-ordered attestation.

The following week, Mr. Beall filed twelve additional notices on the case's docket containing duplicative requests for the Court to compel the attendance of various EJP officers and employees at the status conference, as well as making further allegations of misconduct.[4]

Considering his latest onslaught, the Court determined Mr. Beall failed to abide the Court's *Cok* warning, and thus warranted a filing restriction. Consistent with its *Cok* warning, the Court restricted Mr. Beall from making further filings prior to the August 14, 2025 Status Conference without the Court's permission. *Order on Def.'s Request to Compel Appearances and Cok Order* at 11 (ECF No. 158) (*Cok Order*).

---

[4]   *See Def.'s Notice Regarding Requested Attendance of Corp. Representatives at Status Conf.* (ECF No. 142); *Def.'s Notice Regarding Request for Live Attendance of Key Corp. Representatives at Status Conf.* (ECF No. 145); *Def.'s Notice Regarding Potential Intimidation, Third-Party Contact, and Escalation of Harassment* (ECF No. 146); *Def.'s Notice Regarding New Threats, Unidentified Corp. Actor, and Escalation of Intimidation Attempts* (ECF No. 147); *Def.'s Notice Regarding Demand for Documentation from Third Party Associated with Pls.* (ECF No. 148); *Def.'s Notice Regarding Impending Right-to-Sue Deadline in Mass. Civ. Rights Action* (ECF No. 149); *Def.'s Notice Regarding Harassment, Safety Concerns, and Req. for Protection Under Me. Law* (ECF No. 150); *Def.'s Notice Regarding Improper Third-Party Commc'n and Req. for Sworn Testimony* (ECF No. 151); *Def.'s Suppl. Notice Regarding Third-Party Commc'n, Req. for Identification, and Reaffirmation of Non-Threatening Intent* (ECF No. 152); *Def.'s Notice Regarding Contact from Family Member of Key Pl. Witness* (ECF No. 153); *Def.'s Notice Regarding Retaliatory Intimidation Following Settlement Outreach and Escalation of Demand for Name Removal* (ECF No. 154); *Def.'s Notice Regarding Pls.' Apparent Paralysis and Ongoing Failure to Participate* (ECF No. 155).

Specifically, the Court ordered Mr. Beall to file an accompanying motion for leave to file that sets forth in clear terms why the proffered filing is: (1) authorized by the Federal Rules of Civil Procedure and/or District of Maine Local Rules, (2) directly relevant to a motion presently pending before the Court, and (3) not entirely duplicative of information already presented to the Court.[5] *Id*.

At the August 14, 2025 Status Conference, the Court admonished Mr. Beall "to stop over-inundating this court with filings. You can't do this. It's improper." *Tr. of Aug. 14 Proceedings* at 7:12-7:14 (ECF No. 183). The Court also addressed Mr. Beall's habit of filing judicial notices and other filings simply narrating out-of-court conduct.

> So I told you not to do it before, and after I told you not to do it you continued to do it. You continued to file these notices for judicial notice, you continued to file evidence that you thought had to be made part of the record in order to preserve the evidence, and I've told you that was not proper. And yet despite the order you continued to file things.
> Now, I haven't sanctioned you for it because I wanted to talk to you and get to you and say stop it. Don't do it. There are motions you can file, but they're in the form of a motion. You don't simply file things on the record because, as I told you in the order, the docket is not a place where you deposit evidence for purposes of maintaining a record. That's just not what we do here. And you're going to have to stop. Do you understand what I'm telling you?

*Tr. of Aug. 14 Proceedings* at 8:3-17. Mr. Beall confirmed he unequivocally understood the Court's message. *Tr. of Aug. 14 Proceedings* at 8:18 ("Yes, I do, a hundred percent"). Pursuant to the Court's Omnibus Order, the case's temporary

---

[5] The Court further explained that "[t]he motion for leave to file must not exceed three pages and he must attach to the motion for leave the proposed filing. The Court will review the motion for leave to file and the proffered filing to determine whether the filing is authorized by the federal and local rules, serves a purpose on the docket beyond reiterating previously stated information, and is not intemperate or derogatory. If so, the Court would grant the motion for leave to file and the filing would be docketed. If the filing does not comply with the federal and local rules or serves no purpose on the docket, the Court would not allow its docketing." *Id*.

stay and Mr. Beall's *Cok* warning expired after the August 14, 2025 Status Conference.

Unfortunately, shortly after the August 14, 2025 Status Conference, Mr. Beall returned to his old practice of inundating the Court with duplicative and unnecessary filings. Less than a week later, on August 19, 2025, Mr. Beall filed his next notice. *Def.'s Notice of Preservation Regarding Improper Removal* (ECF No. 180). A few days later, on August 22, 2025, Mr. Beall filed another notice, communicating his plans to request redactions from the August 14 Status Conference's forthcoming transcript. *Def.'s Notice of Intent to Request Redaction* (ECF No. 184). Mr. Beall's next slew of notices came the following week; one on August 27, 2025, and five on August 28, 2025. *Def.'s Clarif. And Obj. Regarding Pls.' Improper Removal, Pattern of Misrepresentation, and Unequal Treatment* (ECF No. 185); *Def.'s Obj. to Pls.' Latest Filings and Notice of Continued Delay Tactics* (ECF No. 190); *Def.'s Notice of Clarif. Regarding Recent Events* (ECF No. 192); *Def.'s Notice Regarding Service Issues and Branch Lockdown* (ECF No. 193).

On August 31, 2025, Mr. Beall filed three more notices. *Def.'s Notice Regarding Scope of Counterclaims* (ECF No. 196); *Def.'s Notice Regarding Representation, Service, and Counterclaim Updates* (ECF No. 197); *Def.'s Supp. Clarif. Of Timeline and Facts* (ECF No. 198). On September 4, 2025, Mr. Beall filed four more notices. *Def.'s Supp. Clarif. Regarding Service, Massachusetts Removal, and Continued Procedural Abuse* (ECF No. 199); *Def.'s Clarif. Notice Regarding Service Issues, Police Contact, and Continued Abuse of Process* (ECF No. 200); *Def.'s Clarif. Notice*

*Regarding Counsel Misconduct and Request for Sanctions* (ECF No. 201); *Def.'s Supp. Clarif. Notice Regarding Steven Silvers Protection from Harassment Filing and Continued Abuse of Process* (ECF No. 202). On September 8, 2025, Mr. Beall filed five more times. *Def.'s Notice to the Court Regarding State Court Harassment Order and Further Evidence of Retaliatory Abuse of Process* (ECF No. 204); *Def.'s Mot. for Leave to File Supp. Notice Regarding Pls.' Venue Manipulation, Harassment Allegations, and Counsel Misconduct* (ECF No. 205); *Def.'s Emer. Mot. to Compel* (ECF No. 206); *Def.'s Emer. Mot. to Compel and For Expedited Hearing* (ECF No. 207); *Def.'s Supp. Update Regarding Abuse of Process* (ECF No. 208).

## II.  LEGAL STANDARD

Federal courts "possess discretionary powers to regulate the conduct of abusive litigants." *Cok v. Family Court of Rhode Island*, 985 F.2d 32, 34 (1st Cir. 1993) (per curiam); *See In re McDonald*, 489 U.S. 180, 184 (1989) (holding it is the responsibility of the courts "to see that [limited judicial] resources are allocated in a way that promotes the interests of justice"); *accord Dietz v. Bouldin*, 579 U.S. 40, 47 (2016) ("district courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases"). "In extreme circumstances involving groundless encroachment upon the limited time and resources of the court and other parties, an injunction barring a party from filing and processing frivolous and vexatious [motions] may be appropriate." *Castro v. United States*, 775 F.2d 399, 408 (1st Cir. 1985) (per curiam). "This power includes the ability to enjoin a party—even a pro se party—from filing frivolous and vexatious motions."

9

*United States v. Gomez-Rosario*, 418 F.3d 90, 101 (1st Cir. 2005) (citation omitted). Thus, a court may restrict litigants, even pro se, for "frivolous filings [that] waste judicial resources and inhibit the resolution of substantial matters within the Court's jurisdiction." *Est. of Buenaventura v. Exec. Office of the President*, No. 2:23-cv-00325-JDL, 2024 U.S. Dist. LEXIS 2431, at *5 (D. Me. Jan. 5, 2024) (in turn citing *Adams v. Adams*, No. 1:17-cv-00200-GZS, 2019 U.S. Dist. LEXIS 110251, at *1-2 (D. Me. July 2, 2019))).

Nevertheless, such a restriction must be "narrowly tailored." *Sires v. Gabriel*, 748 F.2d 49, 51 (1st Cir.1984), lest it "impermissibly infringe upon a litigator's right of access to the courts." *Castro*, 775 F.2d at 410. Such an injunction must "remain very much the exception to the general rule of free access to the courts" and must be used with particular caution against a pro se plaintiff. *Pavilonis v. King*, 626 F.2d 1075, 1079 (1st Cir.1980). Indeed, such a restriction should be issued "only when abuse is so continuous and widespread as to suggest no reasonable alternative," *Cok*, 985 F.2d at 36. Furthermore, adequate notice should be afforded before imposing filing restrictions. *Cok*, 985 F.2d at 35.

### III. DISCUSSION

This is Mr. Beall's second *Cok* warning. As the Court has explained over and over, Mr. Beall must comply with court rules and not file frivolous, duplicative, or unnecessary pleadings, motions, and other documents. *See, e.g.*, *Omnibus Order* at 79-80; *Cok Order* at 8-9; *Tr. of Aug. 14 Proceedings* at 8:3-8:17. Because he is

10

representing himself pro se in this matter, the Court has been especially lenient with Mr. Beall, and, to his credit, the volume and frequency of his filings have abated.

But it is not enough; he continues to bloat the docket with cumulative notices, treating the docket as a repository for his grievances. The Court has told Mr. Beall in direct and plain language that he cannot misuse the docket. *See Tr. of Aug. 14 Proceedings* at 8:14-8:15 ("the docket is not a place where you deposit evidence for purposes of maintaining a record"). Since receiving this in-person explanation from the Court, Mr. Beall has filed sixteen more notices, largely restating the same handful of issues "to preserve the record."[6]

Mr. Beall also has failed to comply with this Court's order to "include a written representation that he has personally checked each legal citation and each citation is accurate and stands for its asserted proposition." *Order on Pls.' Mot. for Sanctions and Courts Order to Show Cause* at 5. Furthermore, the Court suspects Mr. Beall continues to use artificial intelligence. For example, in one of his August 19, 2025 filings, Mr. Beall misattributes a quote to the Supreme Court decision in *Chambers*

---

[6] *Def.'s Notice of Preservation Regarding Improper Removal* (ECF No. 180); *Def.'s Notice of Intent to Request Redaction* (ECF No. 184); *Def.'s Clarif. And Obj. Regarding Pls.' Improper Removal, Pattern of Misrepresentation, and Unequal Treatment* (ECF No. 185); *Def.'s Obj. to Pls.' Latest Filings and Notice of Continued Delay Tactics* (ECF No. 190); *Def.'s Notice of Clarif. Regarding Recent Events* (ECF No. 192); *Def.'s Notice Regarding Service Issues and Branch Lockdown* (ECF No. 193); *Def.'s Notice Regarding Scope of Counterclaims* (ECF No. 196); *Def.'s Notice Regarding Representation, Service, and Counterclaim Updates* (ECF No. 197); *Def.'s Supp. Clarif. Of Timeline and Facts* (ECF No. 198); *Def.'s Supp. Clarif. Regarding Service, Massachusetts Removal, and Continued Procedural Abuse* (ECF No. 199); *Def.'s Clarif. Notice Regarding Service Issues, Police Contact, and Continued Abuse of Process* (ECF No. 200); *Def.'s Clarif. Notice Regarding Counsel Misconduct and Request for Sanctions* (ECF No. 201); *Def.'s Supp. Clarif. Notice Regarding Steven Silvers Protection from Harassment Filing and Continued Abuse of Process* (ECF No. 202); *Def.'s Notice to the Court Regarding State Court Harassment Order and Further Evidence of Retaliatory Abuse of Process* (ECF No. 204); *Def.'s Mot. for Leave to File Supp. Notice Regarding Pls.' Venue Manipulation, Harassment Allegations, and Counsel Misconduct* (ECF No. 205); *Def.'s Supp. Update Regarding Abuse of Process* (ECF No. 208).

*v. NASCO*, 501 U.S. 32 (1991). He cites the case for the proposition that the "court may sanction bad-faith use of litigation 'as a weapon of harassment.'" *Def.'s Obj. to Pls.' Notice and Mot. to Dismiss Pls.' Compl. for Abuse of Process and Venue Manipulation* at 3 (ECF No. 179) (citing *Chambers*, 501 U.S. at 44-46) (*Def.'s Obj. to Pls.' Notice*). Not only does the quote "as a weapon of harassment" not appear at Mr. Beall's provided pincite, the phrase appears nowhere in *Chambers*.

Similarly, Mr. Beall quotes another Supreme Court case, *Goldlawr, Inc. v. Heiman*, 369 U.S. 463 (1962) as saying that "venue statutes are designed to prevent 'venue shopping' to disadvantage parties." *Def.'s Obj. to Pl.'s Notice* at 3. The case exists, but the quotation does not appear at Mr. Beall's pincite or in the case itself.

"No litigant has the right to selectively respond to court orders, choosing those parts to [obey] and those parts to ignore." *Korrapati v. United States*, No. 1:25-cv-00345-JAW, *Order Dismissing Rule 60(b) Mot.* at 5 (ECF No. 19) (alteration to fit these facts). A "party's disregard of a court order is a paradigmatic example of extreme misconduct." *Torres-Vargas v. Pereira*, 431 F.3d 389, 393 (1st Cir. 2005). A litigant who ignores a court order "does so at his peril." *Young v. Gordon*, 330 F.3d 76, 82 (1st Cir. 2003). The Court expressly warned Mr. Beall as much at the August 14 Status Conference. "The orders bind you. And if you don't obey orders what's going to happen is you're going to be sanctioned." *Tr. of Aug. 14 Proceedings* at 7:7-7:9.

As a final note, should Mr. Beall continue to represent himself in this case, the Court again directs Mr. Beall to consult the resources for self-represented parties

12

provided by the Court Clerk "for detailed information on how to properly proceed in this matter." *Omnibus Order* at 104-05 (citing *Notice* (ECF No. 32)).

IV. **CONCLUSION**

Pursuant to *Cok*, the Court expressly warns Mr. Beall that filing restrictions are on the horizon should he persist in inundating the Court with frivolous, redundant or unnecessary filings. *Cok v. Family Court of Rhode Island*, 985 F.2d 32 (1st Cir. 1993). Specifically, the Court contemplates the following restriction: before making any filing, Mr. Beall must file a motion with the Court for leave to make the filing. The Court shall review the motion for leave to file and the proposed filing, and only if the Court determines that the filing is (1) authorized by the federal and local rules, (2) directly relevant to a motion presently pending before the Court or to the currently scheduled status conference, and (3) not entirely duplicative of information already presented to the Court will Mr. Beall's proposed filing be docketed. If the Court determines that Mr. Beall's proffered filing fails to satisfy any of these requirements, the proposed filing will not be docketed.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 9th day of September, 2025