UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| EVERETT J. PRESCOTT, INC., et al. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | 1:25-cv-00071-JAW |
| ) | |
| TIMOTHY J. BEALL, ) | |
| ) | |
| Defendant. ) | |

## *COK* ORDER

Shortly after issuing a *Cok* warning against the defendant for filing redundant and unnecessary filings, the court issues a *Cok* order restricting the defendant's docket access. Moving forward, the court will refuse to docket the defendant's filings that do not comply with the requirements set out in this order.

**I.   BACKGROUND**

The Court briefly summarizes the relevant procedural history.[1] In March 2025, Everett J. Prescott, Inc. (EJP) and Paul Van Savage[2] filed a civil complaint raising several state tort law claims and seeking injunctive relief against former employee Timothy J. Beall for harassing EJP and its employees with threatening messages and defamatory statements on social media. *Verified Compl. for TRO and Other Relief* ¶¶ 1-3 (ECF No. 1) (*Compl.*); *Am. Compl.*. Two days later, the Court

---

[1]     The Court's July 24, 2025 Omnibus Order recounts in greater detail the events in this case. *Omnibus Order and Order Staying Case* (ECF No. 139) (*Omnibus Order*).

[2]     On March 10, 2025, EJP amended its Complaint, adding Paul Van Savage as a co-plaintiff. *Verified Am. Compl.* (ECF No. 12) (*Am. Compl.*).

granted in part EJP's requested temporary restraining order, enjoining Mr. Beall from posting defamatory content on public social media sites but not for Mr. Beall's private messages to EJP employees. *Order on TRO* at 32-33 (ECF No. 7). On March 27, 2025, the Court entered an order granting in part and dismissing in part EJP's request for a preliminary injunction. *Prelim. Inj.* at 2 (ECF No. 24); *see also Order on Mot. for Prelim. Inj.* (ECF No. 23). Mr. Beall, acting pro se, entered his appearance on his own behalf on May 29, 2025, moving to vacate the entry of default. *Mot. to Vacate Default J.* (ECF No. 31).

Over the next two months, Mr. Beall flooded the docket with at least seventy-five separate filings, many of them redundant and unnecessary. *Omnibus Order* at 5-17; *See also Order Issuing Cok Warning* at 3 (ECF No. 211) (listing each of Mr. Beall's filings during that period) (*Second Cok Warning*).

On July 24, 2025, the Court issued a one-hundred-and-thirty-two-page Omnibus Order clearing the jam of pending motions, scheduling an in-person status conference, and staying the case until the Court could speak to the parties at the upcoming status conference and impress upon them the need to orient this case towards an orderly and efficient resolution. *Omnibus Order* at 126-132.

### A. Mr. Beall's First *Cok* Warning

Mr. Beall received his first *Cok* warning in the Court's July 24, 2025 Omnibus Order. *Id.* at 78-80. In simple terms, the Court explained to Mr. Beall that his deluge of judicial notices and motions, which "recite[d] much of the same information and allegations ad nauseum" was unacceptable. *Id.* at 78. The docket, the Court

explained to Mr. Beall, "is not a digital storage device, nor is the Court itself intended or authorized to make snap-judgments based on incomplete or one-sided information." *Id.* Pursuant *Cok v. Family Court of Rhode Island*, 985 F.2d 32 (1st Cir. 1993), "the Court expressly caution[ed] Mr. Beall that filing restrictions may be in the offing should he continue to submit filings, untethered to any motion for relief, that present duplicative information and serve no substantive purpose." *Id.* at 128.

### B.  Mr. Beall's First *Cok* Order

On July 31, 2025, after he had filed another twelve redundant and unnecessary judicial notices and motions, the Court issued a *Cok* order against Mr. Beall. *Order on Def.'s Request to Compel Appearances and* Cok *Order* at 8-12 (ECF No. 158); s*ee also Second Cok Warning* at 6-7 (listing each filing). Consistent with its first *Cok* warning, the Court restricted Mr. Beall from making further filings prior to the August 14, 2025 Status Conference without the Court's permission. *Cok Order* at 11. Specifically, the Court ordered Mr. Beall to file an accompanying motion for leave to file explaining in clear terms why the proffered filing is: (1) authorized by the Federal Rules of Civil Procedure and/or District of Maine Local Rules, (2) directly relevant to a motion presently pending before the Court, and (3) not entirely duplicative of information already presented to the Court.[3] *Id.*

---

[3]    The Court further explained that "[t]he motion for leave to file must not exceed three pages and he must attach to the motion for leave the proposed filing. The Court will review the motion for leave to file and the proffered filing to determine whether the filing is authorized by the federal and local rules, serves a purpose on the docket beyond reiterating previously stated information, and is not intemperate or derogatory. If so, the Court would grant the motion for leave to file and the filing would be docketed. If the filing does not comply with the federal and local rules or serves no purpose on the docket, the Court would not allow its docketing." *Id.*

3

At the August 14, 2025 Status Conference, the Court admonished Mr. Beall "to stop over-inundating this court with filings. You can't do this. It's improper." *Tr. of Aug. 14 Proceedings* at 7:12-7:14 (ECF No. 183). The Court also addressed Mr. Beall's habit of filing judicial notices and other filings simply narrating out-of-court conduct.

> So I told you not to do it before, and after I told you not to do it you continued to do it. You continued to file these notices for judicial notice, you continued to file evidence that you thought had to be made part of the record in order to preserve the evidence, and I've told you that was not proper. And yet despite the order you continued to file things. Now, I haven't sanctioned you for it because I wanted to talk to you and get to you and say stop it. Don't do it. There are motions you can file, but they're in the form of a motion. You don't simply file things on the record because, as I told you in the order, the docket is not a place where you deposit evidence for purposes of maintaining a record. That's just not what we do here. And you're going to have to stop. Do you understand what I'm telling you?

*Tr. of Aug. 14 Proceedings* at 8:3-17. Mr. Beall confirmed he unequivocally understood the Court's message. *Tr. of Aug. 14 Proceedings* at 8:18 ("**Mr. Beall**: Yes, I do, a hundred percent").

Pursuant to its Omnibus Order, the Court's *Cok* restriction expired after the August 14, 2025 Status Conference, restoring Mr. Beall's docket access.

### C.   Mr. Beall's Second *Cok* Warning

Unfortunately, shortly after the August 14, 2025 Status Conference, Mr. Beall resumed his practice of clogging the docket with redundant and unnecessary filings. Between August 19 and September 8, 2025, Mr. Beall filed sixteen more notices, largely restating the same handful of issues "to preserve the record." *See Second Cok Warning* at 11 (listing each filing).

4

Consequently, on September 9, 2025, the Court issued its second *Cok* warning to Mr. Beall. *Second* Cok *Warning* at 13. In doing so, the Court reiterated to Mr. Beall that the docket is not "a repository for his grievances," and that he cannot continue "to bloat the docket with cumulative notices." *Id*. at 11. Pursuant to *Cok*, 985 F.2d, and consistent with its first *Cok* warning, the Court expressly warned Mr. Beall that filings restrictions were on the horizon if his improper filing habits continued. *Id*. at 13.

> Specifically, the Court contemplates the following restriction: before making any filing, Mr. Beall must file a motion with the Court for leave to make the filing. The Court shall review the motion for leave to file and the proposed filing, and only if the Court determines that the filing is (1) authorized by the federal and local rules, (2) directly relevant to a motion presently pending before the Court, and (3) not entirely duplicative of information already presented to the Court will Mr. Beall's proposed filing be docketed. If the Court determines that Mr. Beall's proffered filing fails to satisfy any of these requirements, the proposed filing will not be docketed.

*Id*.

That same day, September 9, 2025, Mr. Beall filed two more judicial notices on the dockets shortly before the Court could issue its second *Cok* warning. *Def.'s Notice Regarding Pursuit of Criminal Complaints Against Opposing Counsel* (ECF No. 209); *Def.'s Judicial Notice Regarding Contact with Family Court Attorney and Continued Abuse of Process* (ECF No. 210). That afternoon, the Court dismissed Mr. Beall's motion for leave to file his third judicial notice of the day, *Def.'s Notice Regrading Requests for Protection* (ECF No. 212), as "[t]he Court has repeatedly explained to Mr. Beall that the court docket is not an appropriate place for him to file notices since it is not an evidentiary depository, and Mr. Beall's recent filing violates the Court's

admonitions to Mr. Beall not to file such notices." *Minute Entry* (ECF No. 213) (citing *Second* Cok *Warning*).

The next day, on September 10, 2025, in a motion to compel, Mr. Beall included another "clarifying notice." *Def.'s Clarif. Notice and Mot. to Compel Counsel* (ECF No. 217). Consistent with his prior notices, Mr. Beall described out-of-court conduct and stated grievances that were redundant and unnecessary. *See id.* at 2 (e.g., Mr. Beall contrasts his email correspondence with Attorney Adam Taylor with "Littler Mendelson – including Attorneys Silver, Caterine, and Plourde – [who] have consistently refused to respond"). The Court separately addressed Mr. Beall's motion to compel. *Order on Def.'s Mot. to Compel* (ECF. 216).

## II.   DISCUSSION

Since its July 24, 2025 Omnibus Order, the Court has repeatedly told Mr. Beall—in clear and simple terms—that he is misusing the docket and has warned him that filing restrictions were on the horizon if he did not cease his redundant and unnecessary filings.

> The Court reminds Mr. Beall that it is a forum not just for his case but for important criminal cases and meritorious civil claims. The Court expressly cautions Mr. Beall that the time spent on duplicative and non-essential filings takes away from the Court's time to rule [on] other important matters, including those within this case. Further, Mr. Beall's near-daily filings have placed a substantial burden on the Court Clerk, who for each of his filings is tasked with managing intake, setting up the filing on the ECF docket, and monitoring the deadlines of any motion for relief. First Circuit caselaw is clear that, pursuant to *Cok*, a court may restrict litigants, even pro se, for "frivolous filings [that] waste judicial resources and inhibit the resolution of substantial matters within the Court's jurisdiction." *Est. of Buenaventura v. Exec. Office of the President*, No. 2:23-cv-00325-JDL, 2024 U.S. Dist. LEXIS 2431, at *5 (D. Me. Jan. 5, 2024) (citing *Adams v. Adams*, No. 1:17-cv-00200-GZS,

6

> 2019 U.S. Dist. LEXIS 110251, at *1-2 (D. Me. July 2, 2019)). Mr. Beall's multitude of filings have done exactly that. Consistent with *Cok* and its requirement to warn litigants of potential filing restrictions, the Court expressly warns Mr. Beall that "filing restrictions may be in the offing." *Cok*, 985 F.2d at 35.
>
> Specifically, the Court is considering imposing a filing restriction against Mr. Beall that will require him to file a motion for leave to make filings in the court. Before any future filing, the Court is contemplating requiring Mr. Beall to certify in each motion for leave to file that the proffered filing is 1) authorized by the Federal Rules of Civil Procedure, 2) directly relevant to a motion presently pending before the Court, and 3) not entirely duplicative of information already presented to the Court. If the Court imposes a *Cok* filing restriction on Mr. Beall, it will review the submitted filing to determine whether the filing is authorized by the federal rules, serves a purpose on the docket beyond reiterating previously stated information, and is not intemperate and derogatory. If so, the Court would grant the motion for leave to file and the filing would be docketed. If the filing does not comply with the federal rules or serves no purpose on the docket, the Court would not allow its docketing.

*Omnibus Order* at 79-80; *see, e.g.*, *Tr. of Aug. 14 Proceedings* at 8:13-17 ("**The Court**: You don't simply file things on the record because, as I told you in the order, the docket is not a place where you deposit evidence for purposes of maintaining a record . . . And you're going to have to stop"); *Second* Cok *Warning* at 11 (explaining to Mr. Beall that filing "cumulative notices, treating the docket as a repository for his grievances[,]" is improper and will result in filing restrictions if he continues).

Mr. Beall's September 10, 2025 Clarifying Notice fails to heed the Court's multiple warnings. His notice itemizes complaints (some old and some new) regarding out-of-court conduct unrelated to a motion pending before the Court or duplicative of information already presented to the Court in one or more of his many previous notices. Accordingly, the Court will restrict Mr. Beall's ability to file according to the restrictions below.

7

### III. CONCLUSION

The Court ORDERS the following filing restriction. Timothy J. Beall shall not make any further filings in this case without first obtaining permission from this Court. *See Cok v. Family Ct. of R.I.*, 985 F.2d 32, 34-35 (1st Cir. 1993). When Mr. Beall wishes to file on the docket, he must also include a motion for leave to file the proffered filing. Not to exceed more than three pages, the motion for leave to file must explain in clear terms why the proposed filing is (1) authorized by the federal and local rules, (2) directly relevant to a motion presently pending before the Court, and (3) not entirely duplicative of information already presented to the Court. The Court will review the motion for leave to file, as well as the proposed filing, and if the Court determines that either the motion for leave does not sufficiently state the required three-part explanation or that the proffered filing's substance fails to satisfy any of those requirements, the Court will not docket Mr. Beall's proposed filing.

Should Mr. Beall rely on caselaw or other legal authority, the Court reminds Mr. Beall that he is still bound by the Court's July 24, 2025 Order to Show Cause. *Order on Pls.' Mot. for Sanctions and Courts Order to Show Cause* at 5 (ECF No. 140). Thus, "for each future filing, Mr. Beall [must] include a written representation that he has personally checked each legal citation and each citation is accurate and stands for its asserted proposition." *Id.*

Lastly, in accordance with its imposed restriction the Court DIRECTS the Court Clerk not to docket any new filings from Mr. Beall unless the Court has reviewed the proposed filing and ordered its docketing.

SO ORDERED.

        <u>/s/ John A. Woodcock, Jr.</u>
        JOHN A. WOODCOCK, JR.
        UNITED STATES DISTRICT JUDGE

Dated this 12th day of September, 2025