UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| EVERETT J. PRESCOTT, INC., et al. | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | )  No. 1:25-cv-00071-JAW<br>) |
| TIMOTHY J. BEALL, | )<br>) |
| Defendant. | ) |

**ORDER DENYING DEFENDANT'S CONSOLIDATED RESPONSE AND**

**CROSS-MOTION**

Timothy J. Beall is a restricted filer in this case. On September 26, 2025, Mr. Beall filed a consolidated response in opposition to Plaintiffs' fourth motion for civil contempt and sanctions and cross-motion for contempt, discovery, sanctions, and protective relief. Because his filing does not comply with the requirements of the Court's current *Cok* order, the Court rejects Mr. Beall's proposed filing.

The Court has repeatedly admonished Mr. Beall's inappropriate filing habits. Mr. Beall received his first *Cok* warning in the Court's July 24, 2025 Omnibus Order for his torrent of judicial notices and motions, which "recite[d] much of the same information and allegations ad nauseum." *Omnibus Order and Order Staying Case* at 78 (ECF No. 139). A week later, on July 31, 2025, after he had filed another twelve redundant and unnecessary judicial notices and motions, the Court issued its first *Cok* order against Mr. Beall. *Order on Def.'s Request to Compel Appearances and Cok Order* at 8-12 (ECF No. 158) (*First Cok Order*). Consistent with its first *Cok* warning,

the Court restricted Mr. Beall from making further filings prior to the August 14, 2025 status conference without the Court's permission. *First Cok Order* at 11. At the August 14, 2025 status conference, the Court impressed upon Mr. Beall "to stop over-inundating this court with filings." *Tr. of Aug. 14 Proceedings* at 7:13 (ECF No. 183). Mr. Beall confirmed he unequivocally understood the Court's message. *Tr. of Aug. 14 Proceedings* at 8:18 ("**Mr. Beall**: Yes, I do, a hundred percent"). Pursuant to its Omnibus Order, the Court's *Cok* restriction expired after the August 14, 2025 status conference, restoring Mr. Beall's docket access.

Unfortunately, shortly after the August 14, 2025 Status Conference, Mr. Beall resumed his practice of clogging the docket with redundant and unnecessary filings, and on September 9, 2025, the Court issued its second *Cok* warning against Mr. Beall. *Order Issuing Cok Warning* at 11 (ECF No. 211). The Court reiterated to Mr. Beall that the docket is not "a repository for his grievances," and that he cannot continue "to bloat the docket with cumulative notices." *Id.* at 11. Mr. Beall's improper filings did not abate, and the Court issued its second *Cok* order against Mr. Beall on September 12, 2025.

In its second *Cok* order, the Court laid out – in clear terms – Mr. Beall's filing restriction.

> Timothy J. Beall shall not make any further filings in this case without first obtaining permission from this Court. *See Cok v. Family Ct. of R.I.*, 985 F.2d 32, 34-35 (1st Cir. 1993). When Mr. Beall wishes to file on the docket, he must also include a motion for leave to file the proffered filing. Not to exceed more than three pages, the motion for leave to file must explain in clear terms why the proposed filing is (1) authorized by the federal and local rules, (2) directly relevant to a motion presently pending before the Court, and (3) not entirely duplicative of information

already presented to the Court. The Court will review the motion for leave to file, as well as the proposed filing, and if the Court determines that either the motion for leave does not sufficiently state the required three-part explanation or that the proffered filing's substance fails to satisfy any of those requirements, the Court will not docket Mr. Beall's proposed filing.

Should Mr. Beall rely on caselaw or other legal authority, the Court reminds Mr. Beall that he is still bound by the Court's July 24, 2025 Order to Show Cause. *Order on Pls.' Mot. for Sanctions and Courts Order to Show Cause* at 5 (ECF No. 140). Thus, "for each future filing, Mr. Beall [must] include a written representation that he has personally checked each legal citation and each citation is accurate and stands for its asserted proposition." *Id.*

For two reasons, Mr. Beall's proffered consolidated response and cross-motion violates the Court's second *Cok* order. First, Mr. Beall did not comply with the procedural requirements of the second *Cok* order. Mr. Beall did not file an accompanying motion for leave stating the legal basis for his filing, whether it is directly relevant to a pending motion before the Court, and not entirely duplicative of information already presented to the Court. Nor does his proffered filing, which cites caselaw, include a written representation that he personally checked each legal citation for its accuracy and relevance to his asserted proposition.

Second, the content of his filing violates the second *Cok* order. Even if Mr. Beall had filed a proper motion for leave and personally certified the accuracy of his cited legal authority, the Court still would have rejected his proffered filing. Most of the information in his consolidates response and cross-motion is redundant or irrelevant. For example, Mr. Beall requests rule 11 and 37 sanctions on the same basis as his previous motions for sanctions. *Def.'s Mot. for Sanctions and Notice of Potential Agency Referrals for Pls.' Misconduct* (ECF No. 138); *Def.'s Mot. for Leave to*

*File Clarifying Notice Regarding Counsel Misconduct and Request for Sanctions* (ECF No. 201). He also complains of the same discovery issues he raised in his prior motion to compel rule 26(f) conference. *Def.'s Mot. for Leave and to Compel Rule 26(f) Conference* (ECF No. 226). Furthermore, Mr. Beall rehashes the same grievances he has previously reiterated in his many judicial notices – the precise filing habit that precipitated the second *Cok* order. The Court therefore cautions Mr. Beall to carefully review the content of his filings for compliance with the second *Cok* order and to not simply refile his consolidated response and cross-motion with a procedurally compliant motion for leave and personal attestation verifying the filing's cited legal authority.

Thus, the Court REJECTS Timothy J. Beall's Consolidated Response in Opposition to Plaintiffs' Fourth Motion for Civil Contempt and Sanctions and Cross-Motion for Contempt, Discovery, Sanctions, and Protective Relief.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 3rd day of October, 2025