UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| EVERETT J. PRESCOTT, INC., et al. )<br>)<br>    Plaintiffs, )<br>)<br>v. )<br>)<br>TIMOTHY J. BEALL, )<br>)<br>    Defendant. ) | No. 1:25-cv-00071-JAW |

**ORDER ON DEFENDANT'S MOTIONS FOR SANCTIONS**

In a highly contentious defamation lawsuit, a pro se defendant moves for sanctions against opposing counsel on several grounds. The court dismisses each motion for sanctions because the defendant does not allege sanctionable conduct as contemplated by the Federal Rules of Civil Procedure or First Circuit caselaw.

**I.   BACKGROUND**[1]

On March 10, 2025, Everett J. Prescott, Inc. (EJP) and Paul Van Savage (collectively, Plaintiffs) filed a civil complaint raising several state tort law claims against EJP's former employee, Timothy J. Beall, for harassing Plaintiffs and other EJP employees with threatening messages and defamatory statements on social media. *Verified Am. Compl.* (ECF No. 12) (*Am. Compl.*). On May 29, 2025, acting

---

[1]   The Court limits this section to the procedural history relevant to this order. The Court's July 24, 2025 Omnibus Order recounts in detail the events in this case. *Omnibus Order and Order Staying Case* (ECF No. 139) (*Omnibus Order*).

pro se, Mr. Beall entered his appearance on his own behalf and began litigating aggressively his defense.

Mr. Beall has moved for sanctions against Plaintiffs' counsel three separate times. On June 12, 2025, Mr. Beall filed his first motion for sanctions. *Notice of Litig. Misconduct and Intent to Seek R. 11 Sanctions* (ECF No. 40) (*First Mot. for Sanctions*). On June 27, 2025, Mr. Beall filed his second motion for sanctions, alleging additional sanctionable conduct by Plaintiffs' counsel. *Emer. Mot. for Sanctions* (ECF No. 55) (*Second Mot. for Sanctions*). Finally, on July 24, 2025, Mr. Beall filed his third motion for sanctions, raising a mix of old and new claims. *Def.'s Second Mot. for Sanctions and Notice of Potential Agency Referrals for Pls.' Misconduct* (ECF No. 138) (*Third Mot. for Sanctions*).

### A. Timothy J. Beall's First Motion for Sanctions

In his first motion for sanctions,[2] Mr. Beall presents four bases for sanctions against Plaintiffs' counsel:

1) Repeated refusal to communicate directly despite the Court's verbal order on May 29, 2025;

2) False statements and mischaracterization of my legal representation status;

3) Improper service attempts, including one at an address I was legally barred from entering; and

4) Posturing rather than responding to serious procedural concerns and misconduct claims.

---

[2] Mr. Beall filed his first motion for sanctions on the docket as a "Rule 11 Notice." Consistent with First Circuit precedent to liberally construe pro se filings, the Court construes Mr. Beall's notice as a motion for sanctions. *Ahmed v. Rosenblatt*, 118 F.3d 886 (1st Cir. 1997).

*First Mot. for Sanctions* at 1.

On June 25, 2025, Plaintiffs filed a motion to strike Mr. Beall's first motion for sanctions from the docket, arguing it was "yet another avenue for Beall to disparage Plaintiffs' counsel untethered to any pleading or motion." *Mot. to Strike 39 Remark, 42 Remark, 40 Notice (Other), 44 Remark, 38 Aff.* at 7 (ECF No. 46). In response, Mr. Beall explained that he filed his Rule 11 Notice "to put the Court on notice of patterns of bad faith and to preserve Defendant's rights." *Def.'s Opp'n to Pls.' Mot. to Strike* at 2 (ECF No. 47).

### B. Timothy J. Beall's Second Motion for Sanctions

On June 27, 2025, Mr. Beall filed his second motion for sanctions, alleging two new grounds for sanctions. *Second Mot. for Sanctions*. First, Mr. Beall argues that Plaintiffs' motion to strike his first motion for sanctions is an "attempt[] to erase Defendant's legally admissible filings rather than respond in good faith[,]" "and was instead designed to chill speech, delay proceedings, and suppress evidentiary material." *Id*. at 1-2. Second, Mr. Beall argued that a March 2025 incident report from the Shrewsbury Police Department describing a harassment complaint made by Plaintiffs against Mr. Beall "appears retaliatory and misrepresents the identity of Everett J. Prescott, Inc.'s CEO (Steven Prescott), raising serious legal and ethical questions." *Id*. at 2. According to Mr. Beall, this "use of false information in official proceedings constitutes a clear violation of Rule 11(b)." *Id*.

On July 18, 2025, Plaintiffs filed their response to Mr. Beall's second motion for sanctions. *Pls.' Resp. in Opp'n to Def.'s Emer. Mot. for Sanctions* (ECF No. 98). In

their response, Plaintiffs explain that their motion to strike did not rise to the level of sanctionable conduct under First Circuit precedent and refute Mr. Beall's accusation that they submitted false information to the Shrewsbury Police Department. *Id.* at 2-3. That same day, Mr. Beall filed his reply, *Def.'s Reply in Support of Mot. for Sanctions* (ECF No. 101), and the Court took Mr. Beall's second motion for sanctions under advisement.

### C. Timothy J. Beall's Third Motion for Sanctions

On July 24, 2025, before the Court could issue an order on his other two motions for sanctions, Mr. Beall filed his third motion for sanctions. *Third Mot. for Sanctions*. Mr. Beall claims that Plaintiffs' counsel improperly filed this civil action in the District of Maine and not in the District of Massachusetts, filed a false police report, failed to communicate with him in good faith, retaliated against other employees for cooperating with him, obstructed discovery, and made false statements to the Massachusetts Department of Unemployment Assistance. *Id.* at 1-2. Mr. Beall also filed a notice that he was going to complain to other agencies. *Id.* at 2-3. *Id.*

On August 14, 2025, Plaintiffs filed their response, explaining that First Circuit precedent did not support a Rule 11 sanction against them and that Rule 37 was inapplicable because discovery had not yet begun. *Pls.' Opp'n to Def.'s Second Mot. for Sanctions* (ECF No. 175). Mr. Beall replied the following day, reiterating some old claims and raising even more previously unmentioned reasons for sanctioning Plaintiffs' counsel. *Def.'s Reply in Support of Second Mot. for Sanctions*

4

(ECF No. 177). The Court took Mr. Beall's third motion for sanctions under advisement on August 18, 2025.

## II. LEGAL STANDARD

### A. The Standard for Sanctions under Rule 11

Rule 11 empowers a court to impose sanctions on a party "for advocating a frivolous position, pursuing an unfounded claim, or filing a lawsuit for some improper purpose." *CQ Int'l Co. v. Rochem Int'l, Inc., USA*, 659 F.3d 53, 60 (1st Cir. 2011) (citing FED. R. CIV. P. 11(b)). More precisely, Rule 11(b) permits sanctions "only for misconduct in presenting 'a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it.'" *Balerna v. Gilberti*, 708 F.3d 319, 323 (1st Cir. 2013) (quoting FED. R. CIV. P. 11(b)). Moreover, "the imposition of Rule 11 sanctions is a remedy that should not be employed lightly." *Allscripts Healthcare, LLC v. Dr/Decision Res., LLC*, 495 F.Supp.3d 47, 49-50 (D. Mass. 2020) (citing *Navarro-Ayala v. Nunez*, 968 F.2d 1421, 1426-27 (1st Cir. 1992)).

Before imposing Rule 11 sanctions, the party alleged to have violated Rule 11 must receive "notice and a reasonable opportunity to respond." FED. R. CIV. P. 11(c)(1). Accordingly, a party moving for sanctions under Rule 11 must adhere to certain procedural requirements. Rule 11(c)(2) states that any motion for sanctions must be (1) filed separately from any other document and describe the specific conduct allegedly violating Rule 11; (2) the motion must be served on the offending party in compliance with Federal Rule of Civil Procedure 5, and (3) it must not be filed or presented to the court if the challenged conduct is withdrawn or appropriately

5

corrected within twenty-one days after service. FED. R. CIV. P. 11(c)(2). "Together, these provisions provide a 'safe harbor' for attorneys, law firms, or parties accused of sanctionable conduct by their opponent," *Triantos v. Guaetta & Benson, LLC*, 91 F.4th 556, 561 (1st Cir. 2024) (citation omitted), "the object of [which] is to allow a party to privately withdraw a questionable contention without fear that the withdrawal will be viewed by the court as an admission of a Rule 11 violation." *Young v. City of Providence ex rel. Napolitano*, 404 F.3d 33, 39 (1st Cir. 2005).

In the First Circuit, compliance with Rule 11's safe harbor is mandatory. *See Triantos*, 91 F.4th at 561 ("As the plain language of the rule indicates, these requirements are mandatory rather than suggested"). Consequently, the moving party must comply with each of the requirements in Rule 11's safe harbor provision. *Id.* (citing *Ridder v. City of Springfield*, 109 F.3d 288, 294 (6th Cir. 1997)). A party's failure to comply with each of these mandatory requirements typically results in the dismissal of the motion for sanctions. *Makarevich v. USI Ins. Servs. LLC*, No. 25-cv-10434, 2025 U.S. Dist. LEXIS 134472, at *13 (D. Mass. July 14, 2025) (denying a motion for sanctions for failing to file the motion separately from other motions).

B.     **The Standard for Sanctions Under Rule 37**

Federal Rule of Civil Procedure 37 authorizes sanctions where a party fails to respond to discovery or violates a court order directing discovery. *See* FED. R. CIV. P. 37; *Santiago-Díaz v. Laboratorio Cliníco Y De Referencia Del Este and Sara López, M.D.*, 456 F.3d 272, 275 (1st Cir. 2006). Under Rule 37, the district court maintains a variety of tools at its disposal to sanction a party who violates discovery orders and

has wide discretion in choosing what sanctions are appropriate for discovery violations. *See* FED. R. CIV. P. 37(b)(2); *Samaan v. St. Joseph Hosp.*, 670 F.3d 21, 36-37 (1st Cir. 2012). At bottom, Rule 37 sanctions may be appropriate for misconduct committed during discovery.

### C. The Court's Inherent Sanction Power

"[D]istrict courts have the inherent authority to manage their dockets and courtroom with a view toward the efficient and expedient resolution of cases," *Dietz v. Bouldin*, 579 U.S. 40, 47 (2016) (collecting cases), including the power to "fashion an appropriate sanction for conduct which abuses the judicial process." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991). "Because of their very potency," however, "inherent powers must be exercised with restraint and discretion." *Chambers*, 501 U.S. at 44 (citing *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 764 (1980)).

## III. DISCUSSION

The Court DISMISSES each of Mr. Beall's motions for sanctions. Although each of Mr. Beall's motions for sanctions is procedurally defective, the Court does not dismiss them on that basis. Instead, the Court reaches each motion on their merits and determines that Mr. Beall fails to allege sanctionable conduct under Rule 11.

### A. The Safe Harbor Provision of Rule 11

The safe harbor provision of Rule 11 is clear and mandatory under First Circuit law. The party seeking sanctions must privately serve the motion on the offending party, wait twenty-one days for the offending party to correct or withdraw the alleged impropriety, and only if the opposing party fails to do so within that period may the

moving party file the motion for sanctions with the court. FED. R. CIV. P. 11(c)(2). In addition, the motion for sanctions must be filed separately from any other motion and describe the specific conduct allegedly violating Rule 11. *Id.*

Mr. Beall bears the burden of demonstrating that he complied with the safe harbor provisions of Rule 11, and there is no evidence in this record that he did so. Because he failed to demonstrate that he complied with the safe harbor provisions of Rule 11, his motions for sanctions must fail under First Circuit law. The Court could stop here. However, notwithstanding these procedural defects, because the parties are engaged in unusually contentious litigation and the cloud of sanctions against Plaintiffs' counsel should be resolved now, the Court addresses Mr. Beall's three motions for sanctions on their merits.

   **B. The Merits of Timothy J. Beall's Motions for Sanctions**

Mr. Beall's grounds for sanctions are non-meritorious. Rule 11 sanctions are severe and only appropriate "for advocating a frivolous position, pursuing an unfounded claim, or filing a lawsuit for some improper purpose." *CQ Int'l Co.*, 659 F.3d at 60. None of his stated reasons either meets this high bar or constitutes conduct covered by Rule 11. Similarly, Mr. Beall has presented no conduct warranting sanctions under the Court's inherent authority. Lastly, because this case had not yet reached the discovery phase at the time of Mr. Beall's motion, Rule 37 does not apply. Mr. Beall cannot claim Plaintiffs' counsel violated Rule 37 if discovery had not begun when he filed his third motion for sanctions.

Mr. Beall's first motion for sanctions fails for two reasons.  First, Mr. Beall's first motion for sanctions fails because it does not "describe the specific conduct that allegedly violates Rule 11(b)."  Fed. R. Civ. P. 11(c)(2).  Lacking any detail, Mr. Beall's allegations are much too vague for the Court to conclude that Plaintiffs' counsel committed any sanctionable misconduct.  Second, Mr. Beall's contention that Plaintiffs' counsel has not communicated with him does not fit within Rule 11 because by its terms Rule 11 applies only when an attorney or unrepresented party "present[s] to the court a pleading, written motion, or other paper."  FED. R. CIV. P. 11(b); *CQ Int'l Co.*, 659 F.3d at 60 (Rule 11 bars "advocating a frivolous position, pursuing an unfounded claim, or filing a lawsuit for some improper purpose").

Turning to his second motion for sanctions, the Court rejects Mr. Beall's claim that the motion to strike is sanctionable.  Furthermore, the Court determines that the allegation that the Shrewsbury police report was erroneous presents at best a contested issue of fact and the allegation of bad faith tactics by Plaintiffs' counsel is not corroborated by the Court's review of the docket.

Finally, none of the bases of Mr. Beall's third motion is cognizable or meritorious.  First, Mr. Beall's allegation that Plaintiffs improperly filed suit in the District of Maine is not a proper basis for sanctions against Plaintiffs' counsel because both EJP and Mr. Van Savage are residents of Maine, he is a resident of Massachusetts, and the amount in controversy is greater than $75,000, thereby facially satisfying this District's diversity jurisdiction.  28 U.S.C. § 1332(a)(1).  Second, many of his allegations are not cognizable under Rule 11 because they are

9

not filings in this Court. *Balerna v. Gilberti*, 708 F.3d 319, 323 (1st Cir. 2013) (Rule 11(b) permits sanctions "only for misconduct in presenting 'a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it'") (quoting FED. R. CIV. P. 11(b)). Thus, Plaintiffs' potential complaints to other government agencies, filing a police report, failing to communicate, and their alleged retaliatory terminations do not fit within Rule 11's framework. Finally, discovery violations are not applicable because the parties were not in the discovery period when Mr. Beall filed his third motion for sanctions.

## IV. CONCLUSION

The Court DISMISSES Timothy J. Beall's Notice of Litigation Misconduct and Intent to Seek Rule 11 Sanctions (ECF No. 40); Emergency Motion for Sanctions (ECF No. 55); and Motion for Sanctions and Notice of Potential Agency Referrals for Plaintiffs' Misconduct (ECF No. 138).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 10th day of October, 2025