**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MAINE**

EVERETT J. PRESCOTT, INC., and )
PAUL S. VAN SAVAGE )
 )
Plaintiffs, )
 )
v. )    Civil Action No. <u>1:25-cv-00071-JAW</u>
 )
TIMOTHY J. BEALL, )
 )
Defendant. )

<u>**PLAINTIFFS' REPLY TO DEFENDANT'S RESPONSE TO ORDER TO SHOW CAUSE**
**REGARDING MOTION TO SUBPOENA WITNESSES AND PERMIT REMOTE**
**TESTIMONY**</u>

Federal Rule of Civil Procedure 45(c)(1)(A) is unambiguous. It provides that a subpoena

may only command a person to attend a hearing "within 100 miles of where the person resides, is

employed, or regularly transacts business in person." The non-party witnesses who Defendant

Beall wants subpoenaed to attend the December 4, 2025 hearing are employed, by Beall's own

admission, 133 miles from the Court.[1] *See* ECF 249-1. Because 133 miles is greater than 100 miles,

the Court's inquiry should stop there. Rule 45(c)(1) is not discretionary. *See Jones v. Jasper*

*Wyman & Son*, No. 1:20-cv-00383-JAW, 2022 U.S. Dist. LEXIS 202889, at *11-12 (D. Me. Nov.

8, 2022) (granting motion to quash subpoena to testify because the proceeding took place more

than 100 miles from where the subpoenaed person resided, was employed, or transacted business).

Beall himself acknowledges that his proposed subpoena violates the 100-mile limitation.

*See* Defendant's Response to Show Cause Order at ECF 249, p. 1 ("Defendant recognizes that

Rule 45(c)(1)(A) limits the Court's power to compel in-person attendance to within 100 miles of

---

[1] Beall provided the two witnesses' employment addresses for calculating that distance. He has never provided their residential addresses – presumably because they are even farther away from Portland, Maine. Beall has also not provided any evidence nor even any allegations that the two witnesses regularly transact business in Maine – likely because Massachusetts police are not regularly carrying out their duties in another state.

the place of hearing. Both witnesses are located approximately 130 miles from Portland, Maine."). To avoid the limitations of Rule 45(c), Beall attempts to shoe-horn Rule 43(a) into the text of Rule 45 to essentially nullify the 100-mile limitation. But no such workaround is permissible absent "good cause in compelling circumstances." *See e.g.*, *Broumand v. Joseph*, 522 F.Supp.3d 8, 23-24 (S.D.N.Y. 2021) (rejecting a reading of Rule 45 that "would have to conclude that testimony via teleconference somehow moves a trial to the physical location of the testifying person" and concluding that such an "approach is inconsistent with the text of Rule 45(c), which speaks, not of how far a person would have to travel, but simply the location of the proceeding at which a person would be required to attend" and "any other reading would render Rule 45(c)'s geographical limitations a nullity and bestow upon any [court] sitting anywhere in the country the unbounded power to compel remote testimony from any person residing anywhere in the country"); *Lea v. Wyeth LLC*, No. 1:03-CV-1339, 2011 WL 13195950, at *1 (E.D. Tex. Nov. 22, 2011) (denying motion to compel testimony via video transmission because "[t]here is nothing in the language of Rule 43(a) that permits this court to compel the testimony of an individual who is indisputably outside the reach of its subpoena power" and "even if this court could circumvent Rule 45's requirements, [plaintiff] has failed to show the good cause and compelling circumstances mandated by Rule 43(a)").

District Judge Nancy Torresen analyzed a nearly identical situation in *Official Committee of Unsecured Creditors v. Calpers Corporate Partners LLC*, No. 1:18-cv-68-NT, 2021 WL 3081880 (D. Me. July 20, 2021). In that case, the defendant issued a subpoena to a non-party witness who resided in Dover, New Hampshire to testify at a trial in Bangor, Maine. *Id.* at *1. The witness, Mr. Van Scotter, also was not employed in Maine nor did he regularly transact business in Maine. *Id.* Despite the 100-mile limitation of Rule 45(c), the defendant argued that Mr. Van

2

Scott could be compelled to testify in another courthouse within 100 miles of his residence via live video transmission. *Id.* at *2. The defendant, like Beall here, "essentially argues that Rules 43 and 45 should be read together." *Id.* This Court explained that the defendant's suggestion was "apparently novel" in the District of Maine and embarked on a thorough analysis of decisions from other courts about how to handle similar situations. *Id.* In so doing, this Court explained that it did "not believe that Rule 43(a) should function as an automatic run-around to Rule 45(c)." *Id.* at *3. However, "where there is good cause in compelling circumstances, a court can authorize a witness to testify via contemporaneous video transmission and can then subsequently compel the witness to give the testimony from a location within 100 miles of her residence." *Id.*

The Court next embarked on an analysis of what constituted "good cause." The Court adopted the rationale of the advisory committee notes for Rule 43 that "good cause" only arises from unexpected reasons like an accident or illness. *Id.* at *4. Judge Torresen explained,

> The advisory committee notes for Rule 43 explain that "[t]he most persuasive showings of good cause and compelling circumstances are likely to arise when a witness is unable to attend trial for unexpected reasons, such as accident or illness, but remains able to testify from a different place." Rule 43 Note. While justification might also be "likely if the need arises from the interjection of new issues during trial or from the unexpected inability to present testimony as planned from a different witness," "**[a] party who could reasonably foresee the circumstances offered to justify transmission of testimony will have special difficulty in showing good cause and the compelling nature of the circumstances**." Rule 43 Note.
>
> Mr. Van Scotter is not unavailable for unexpected reasons. Rather, CCP knew that Mr. Van Scotter resided outside the 100-mile radius of Bangor when it issued a deposition subpoena to him in 2019. Similarly, CCP has identified no new issues or asserted that another witness is unexpectedly unavailable. Rule 43 Note (explaining that an "unforeseen need for the testimony of a remote witness that arises during trial" may justify the use of remote transmission).

*Id.* (emphasis added). The Court ultimately determined that no good cause existed to compel Mr. Van Scotter to testify live in Bangor nor via video transmission, because the defendant had (1)

3

long known that the witness resided more than 100 miles away; (2) there were no sudden, unexpected circumstances like an accident or illness; and (3) the defendant could have obtained the desired testimony via other methods in advance of the hearing. *Id.; see also Perry v. Hanover Ins. Grp., Inc.*, No. 1:20-CV-00301-LEW, 2022 WL 558356, at *1 (D. Me. Feb. 24, 2022) (District Judge Lance Walker adopting Judge Torresen's reasoning for denying plaintiff's attempt to subpoena a non-party witness in Massachusetts to testify at trial using videoconferencing, because "[t]he existence of good cause is not apparent. Nor are the circumstances in any way compelling as they are simply the product of Plaintiff's inaction during the discovery phase of the case.").

The situation presented here is nearly identical. Beall is trying to use Rule 43 as a run-around to Rule 45, effectively nullifying the 100-mile limitation in Rule 45. Absent a showing of good cause, this Court has made clear that video transmission is not a permissible substitute for in-person hearing testimony. The only reason Beall has provided for his request is that "[a]llowing remote testimony would minimize disruption to law-enforcement duties . . ." ECF 246 at p. 2. Although that may be true for any witness who holds a job, that is not sufficient "good cause." Beall has always known that the witnesses are Massachusetts law enforcement officers. There is nothing unexpected about their location or ability to appear in Maine. Beall could obtain their testimony or cooperation through other means if he so chooses as explained in *Official Committee of Unsecured Creditors*. The advisory notes to Rule 43, which two District Judges in this District have now adopted in *Perry* and *Official Committee of Unsecured Creditors*, make clear that "a party who could reasonably foresee the circumstances offered to justify transmission of testimony will have special difficulty in showing good cause and the compelling nature of the circumstances." There is nothing unforeseeable here. Beall wants testimony from witnesses who

4

are beyond this Court's subpoena power. He has other options to obtain their testimony for use at the contempt hearing, but simply wants a short cut. This Court should not provide it to him.

Lastly, putting aside the issues arising out of Rules 45 and 43, the Court should also be aware that one of Beall's proposed witnesses does not exist and the other has had no known involvement with anything related to this case. Beall seeks to subpoena "Lieutenant Scott Finnacom." *See* ECF 246 and 249. No such individual exists.[2] *See* Shrewsbury Police Department staff directory, publicly available at https://shrewsburyma.gov/Directory.aspx?DID=19. Shrewsbury does employ a Lieutenant Timothy Finacom. To the extent this is the individual Beall seeks to subpoena, Beall should clarify to the Court.

Additionally, Officer Kyle Kafel has no known involvement with any issues in this case. Presumably, Beall seeks Shrewsbury Police testimony related to his constant false and defamatory accusations that a single typographical error in a **draft** police report was part of a giant conspiracy for EJP's well-known CEO to use a fake first name when complaining about Beall's harassment. But Officer Kafel would have no relevant factual knowledge warranting an exception to Rule 45. Patrolman Tyler Vlass conducted the intake of Plaintiff Van Savage's initial report of harassment and prepared the draft incident report. *See* ECF 48. Sergeant Larry Napolitano provided the final incident report. *See* ECF 172-1. Therefore, it is not clear what substantive value Officer Kafel and Lt. Finacom could provide to the Court in assessing Beall's egregious violations of the preliminary injunction. It is certainly not enough to warrant stretching the bounds of Rule 45(c).

---

[2] The irony is not lost on Plaintiffs that Beall can so easily make a typographical error in filings to this Court but believes a similar error in a **draft** incident report is grounds for a six-month long defamatory smear campaign in violation of this Court's preliminary injunction.

5

The lack of substantive value plus the strict guardrails of Rules 43 and 45 warrant denial of Beall's request for this Court to subpoena Officer Kafel and Lt. "Scott Finnacom" to testify at the December 5, 2025 contempt hearing.

Dated: November 7, 2025

*/s/ Steven J. Silver*
Steven J. Silver, Bar No. 5946
Melinda J. Caterine, Bar No. 7129
LITTLER MENDELSON, P.C.
1 Monument Square, Suite 600
Portland, ME 04101
Tel. 207-774-6001
Email: ssilver@littler.com
Email:  mcaterine@littler.com
*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I, Steven J. Silver, hereby certify that I electronically filed the foregoing document using

the CM/ECF system on the date noted below:


Timothy Beall
byobventures@gmail.com
PO Box 744
Boylston, MA 01505


Adam S. Taylor, Esq., Bar No. 9078
Caihlan B. Snyder, Esq., Bar No. 6365
TAYLOR, McCORMACK & FRAME, LLC
267 Commercial Street
Portland, ME 04101
Tel: (207) 828-2005
ataylor@tmfattorneys.com
csnyder@tmfattorneys.com


Dated:  November 7, 2025                    Respectfully submitted,


                                           /s/ Steven J. Silver
                                           Steven J. Silver (Bar No. 5946)
                                           LITTLER MENDELSON, P.C.
                                           One Monument Square, Suite 600
                                           Portland, ME 04101
                                           Phone:  207.774.6001
                                           ssilver@littler.com

                                           *Attorneys for Plaintiffs*

7