UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| EVERETT J. PRESCOTT, INC., et al. | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | No. 1:25-cv-00071-JAW |
| TIMOTHY J. BEALL, | ) ) ) | |
| Defendant. | ) | |

**ORDER ON DEFENDANT'S MOTION TO SUBPOENA WITNESSES AND PERMIT REMOTE TESTIMONY**

On October 21, 2025, in anticipation of the evidentiary hearing on Plaintiffs' several motions for contempt and sanctions scheduled for December 4, 2025, Timothy J. Beall filed a motion to subpoena witnesses and permit remote testimony. *Proposed Mot. to Subpoena Witnesses and Permit Remote Testimony* (ECF No. 246). Finding Mr. Beall's motion lacked sufficient information, the Court issued a show cause order, requiring Mr. Beall to explain why Federal Rule of Civil Procedure 45(c)'s geographic limitation did not apply to his proposed witnesses. *O.S.C.* (ECF No. 247). On November 3, 2025, Mr. Beall filed his response to the show cause order, conceding both witnesses were outside the 100-mile reach of the Court's subpoena power under Rule 45(c), but maintaining good cause existed for the Court to authorize live video testimony under Rule 43(a) because both witnesses "are active-duty law-enforcement personnel" and "allowing remote testimony avoids disruption to their duties and eliminates any burden associated with travel beyond 100 miles." *Def.'s Resp. to O.S.C. Regarding Rule 45(c) and Remote Testimony* at 1 (ECF No. 249) (*Def.'s Resp.*).

On November 7, 2025, Plaintiffs filed their response, opposing Mr. Beall's stated good cause for live video testimony of his proposed witnesses at the evidentiary hearing. *Pls.' Reply to Def.'s Resp. to O.S.C. Regarding Mot. to Subpoena Witnesses and Permit Remote Testimony* (ECF No. 252) (*Pls.' Reply*). Plaintiffs argue Mr. Beall "is trying to use Rule 43 as a run-around to Rule 45, effectively nullifying the 100-mile limitation in Rule 45." *Id.* at 4. Moreover, Plaintiffs explain that Mr. Beall's stated good cause does not meet the standard for good cause under Rule 43(a) as expounded by caselaw in the District of Maine. *Id.* 4-5. Plaintiffs also dispute the relevance of Mr. Beall's proposed witnesses, two Shrewsbury Massachusetts Police Officers, one of whom Plaintiffs maintain is not a member of the Shrewsbury Police Department and the other whom Plaintiffs aver is not involved with any issues relevant to this case. *Id.* at 5.

Because Mr. Beall has not demonstrated good cause under Rule 43(a), the Court DENIES his motion to subpoena witnesses and permit remote testimony. When a proposed witness is outside the purview of Rule 45(c), Rule 43(a) cannot function as an "automatic run-around to Rule 45(c)'[s]" geographic limitation. *Official Committee of Unsecured Creditors v. Calpers Corp. Partners, LLC*, No. 1:18-cv-68-NT, 2021 U.S. Dist. LEXIS 135316, at *7 (D. Me. July 20, 2021). When a party can demonstrate "good cause in compelling circumstances," however, "a court can authorize a witness to testify via contemporaneous video transmission and can then subsequently compel the witness to give the testimony from a location within 100 miles of her residence." *Id.* (citing FED. R. CIV. P. 45(c) advisory committee note to

2

2013 amendment). Such "compelling circumstances" exist "when a witness is unable to attend trial for unexpected reasons, such as accident or illness, but remains able to testify from a different place." *Id.* at *8 (quoting FED. R. CIV. P. 43(a) advisory committee note to 1996 amendment). Accordingly, "[a] party who could reasonably foresee the circumstances offered to justify transmission of testimony will have special difficulty in showing good cause." *Id.* (alteration in original).

The convenience of Mr. Beall's proposed witnesses is therefore insufficient grounds to invoke good cause under Rule 43(a). *See Walsh v. Tara Constr., Inc.*, No. 19-CV-10369-AK, 2022 U.S. Dist. LEXIS 99318, at *1-2 (D. Mass. June 3, 2022). As explained in his response, Mr. Beall requests the Court authorize live testimony under Rule 43(a) to avoid disruption of the officers' duties and the burden of traveling more than 100 miles to appear at the hearing. *Def.'s Resp.* at 1. Mr. Beall therefore anticipates the officers' unavailability, which places his motion squarely outside the ambit of Rule 43(a). In other words, because Mr. Beall's proposed witnesses are "not unavailable for unexpected reasons," the Court must reject Mr. Beall's motion. *Official Committee*, 2021 U.S. Dist. LEXIS 135316 at *9.

Mr. Beall is not the first litigant to offer this interpretation of the interplay between Rules 43(a) and 45(c). Indeed, every district court in the First Circuit to address this issue has rejected Mr. Beall's interpretation, holding that "good cause" under Rule 43(a) requires the witness to be unavailable for unexpected reasons. *See Official Committee*, 2021 U.S. Dist. LEXIS 135316, at *9-11 (rejecting Rule 43(a) motion where defendants had notice of proposed witness's unavailability and the

witness's deposition transcript could be offered at trial); *Perry v. Hanover Ins. Grp., Inc.*, No. 1:20-cv-00301-LEW, 2022 U.S. Dist. LEXIS 32647, at *1-2 (D. Me. Feb. 24, 2022) (rejecting Rule 43(a) motion lacking any factual presentation of "good cause in compelling circumstances"); *Cotto-Vazquez v. United States*, CIV. NO.: 16-2807 (SCC), 2022 U.S. Dist. LEXIS 254773, at *3-4 (D.P.R. Sept. 12, 2022) (rejecting plaintiffs' Rule 43(a) motion that status as a "key witness" residing out-of-state was sufficient good cause); *cf. Walsh*, 2022 U.S. Dist. LEXIS 99318, at *2-5 (granting defendants' motion under Rule 43(a) because plaintiff's withholding of a witness's address frustrated defendants' efforts to secure live testimony at trial and inhibited timely designating witness's deposition transcript in lieu of live trial testimony).

Although he cannot offer live videoconference testimony of his proposed witnesses, Mr. Beall is not without recourse. At the evidentiary hearing, Mr. Beall may present witness testimony via videotaped deposition. *See id.* at *9-10 (permitting moving party to offer deposition transcript at trial in lieu of rejected Rule 43(a) motion for live testimony). Should Mr. Beall seek to offer depositions of his proposed witnesses at the hearing, Mr. Beall should make arrangements to depose the proposed witnesses in accordance with the deadlines imposed by the Court's November 3, 2025 order. *Order* (ECF No. 250).

The Court also acknowledges that Plaintiffs contest the relevance of Mr. Beall's proposed witnesses. As Plaintiffs explain, they anticipate Mr. Beall will allege "a single typographical error in a draft police report was part of a giant conspiracy" against him. *Pls.' Reply* at 5. According to Plaintiffs, Mr. Beall's proposed witnesses

4

offer nothing of substance on this front, as Lieutenant Scott Finnacom is not a member of the Shrewsbury Police Department and Officer Kyle Kafel "has no known involvement with any issues in this case." *Id.* Plaintiffs further point out Mr. Beall's motion did not request live testimony from the two officers who actually "prepared the draft" and "provided the final incident report." *Id.*

Because the issue was not squarely presented to the Court, it will not address Plaintiffs' argument at this time. Moreover, to the extent Mr. Beall plans to offer the testimony of unknown or unknowing persons, that dispute appears to be self-correcting. Nor at this time will the Court speculate as to what "communications and records relevant to the issues set for the December 2025 hearing" Mr. Beall's proposed witnesses might testify. *Def.'s Resp.* at 2. The Court can evaluate these substantive arguments at the hearing upon presentation of the parties' evidence.

Accordingly, the Court DENIES Timothy J. Beall's Proposed Motion to Subpoena Witnesses and Permit Remote Testimony (ECF No. 246).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 12th day of November, 2025