UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| EVERETT J. PRESCOTT, INC., et al. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 1:25-cv-00071-JAW |
| ) | |
| TIMOTHY J. BEALL, ) | |
| ) | |
| Defendant. ) | |

**ORDER ON DEFENDANT'S MOTIONS FOR CLARIFICATION AND TO COMPEL PRE-HEARING SUBPOENAS**

A pro se litigant filed two motions, a motion for clarification and a motion to compel, regarding proposed witness testimony for an upcoming evidentiary hearing. The court denies the motion for clarification because it has already resolved one aspect of this motion in a previous order and the remaining issues present no dispute for the court to resolve. The court also denies the motion to compel because it raises the same argument this court previously rejected, is deficiently pleaded, impermissibly seeks the court's legal advice, and requests mooted relief.

**I.    BACKGROUND**

In anticipation of the December 4, 2025 evidentiary hearing on Plaintiffs' several motions for contempt and sanctions, Timothy J. Beall filed two motions regarding proposed witness testimony. On November 17, 2025, Mr. Beall filed his motion for clarification and preservation of due process rights, asking for this Court's guidance on whether he may subpoena certain members of the Shrewsbury, Massachusetts Police Department and to clarify the scope of testimony he is

permitted to introduce from those proposed witnesses at the upcoming evidentiary hearing. *Def.'s Mot. for Clarif. and Preservation of Due-Process Rights* at 2-3 (ECF No. 254) (*Def.'s Clarif. Mot.*). On November 21, 2025, Mr. Beall filed a motion to compel, requesting the Court issue an order "authorizing and compelling the issuance of subpoenas to essential witnesses," allowing their remote testimony, "directing Plaintiffs' counsel to provide last-known contact information" for those witnesses, and "[c]onfirming that Defendant may question these witnesses solely within the scope the Court previously defined." *Def.'s Mot. to Compel Pre-Hearing Subpoenas for December 4, 2025 Contempt and Sanctions Hearing* at 1, 5-6 (ECF No. 258) (*Def.'s Mot. to Compel*).

Plaintiffs oppose both of Mr. Beall's motions. On November 21, 2025, Plaintiffs filed their response to Mr. Beall's motion for clarification, opposing his motion on the grounds he impermissibly seeks the Court's legal advice and requests relief on the same basis the Court has previously rejected. *Pls.' Resp. to Def.'s Mot. for Clarif. And Preservation of Due-Process Rights* at 1-2 (ECF No. 259). On November 24, 2025, Plaintiffs filed their response to Mr. Beall's motion to compel, opposing his motion on the grounds that it violates Federal Rule of Civil Procedure 45 and supporting caselaw, including this Court's recent order rejecting a similar request from Mr. Beall on the same basis. *Pls.' Resp. in Opp'n to Def.'s Mot. to Compel Pre-Hearing Subpoenas for December 4, 2025 Contempt and Sanctions Evidentiary Hearing* at 1-5 (ECF No. 260) (*Pls.' Resp.*).

Given the nearness of the upcoming hearing, the Court issues this order based on the arguments in Mr. Beall's motions and Plaintiffs' responses. Although the local rules allow a reply, here, Mr. Beall's replies are not due until December 5 and 8, 2025 after the December 4, 2025 hearing, and for the benefit of the parties, the Court must act on the motions for subpoenas as quickly as possible to resolve witness issues in advance of the hearing.

## II.   DISCUSSION

### A.   Timothy J. Beall's Motion for Clarification

To "avoid surprise restrictions at the hearing," Mr. Beall's motion "seeks limited clarification regarding his ability to present relevant evidence and witness testimony at the December 4, 2025 contempt and sanctions hearing." *Def.'s Clarif. Mot.* at 2. Specifically, he asks that this Court:

1. Clarify that he may subpoena and present testimony from the [Shrewsbury Police Department] officers who investigated or authored the reports underlying Plaintiffs' filings.

2. Confirm that such testimony falls within the proper scope of the December 4 hearing.

3. Preserve Defendant's ability to introduce relevant factual material in response to Plaintiffs' contempt allegations.

*Id.* at 3.

As to his first request, the Court directs Mr. Beall to its November 12, 2025 order. As the Court explained, although he cannot present live videoconference testimony of his proposed witnesses who are outside the geographic limitation of the Court's subpoena power under Federal of Civil Procedure 45, "Mr. Beall may [still] present witness testimony via videotaped deposition" at the upcoming evidentiary

3

hearing. *Order on Def.'s Mot. to Subpoena Witnesses and Permit Remote Test.* at 4 (ECF No. 256) (*Order on Remote Test.*).

As to his second request, the Court directs Mr. Beall to its July 24, 2025 omnibus order. As the Court explained, in its constitutional role "[a]s the adjudicator of this matter, the Court cannot also serve as counsel to Mr. Beall and give him legal advice." *Omnibus Order and Order Staying Case* at 95 (ECF No. 139) (*Omnibus Order*). Supreme Court precedent plainly states that a court cannot advocate a party's position, including pro se litigants. *See Pliler v. Ford*, 542 U.S. 225, 231 (2004). "Further, Article III of the United States Constitution prohibits a court from issuing an advisory opinion on a dispute not presently before it." *Omnibus Order* at 96 (citing *FDA v. All. for Hippocratic Med.*, 602 U.S. 367, 378-79 (2024)). Mr. Beall is responsible for litigating his defense, and the Court "will not, and indeed cannot, break from this well-established jurisprudence to advise Mr. Beall on how to proceed" or what proposed testimony is relevant to the upcoming hearing. *Id.*

As to his third request, the Court reminds Mr. Beall that his right to present relevant evidence at the evidentiary hearing is preserved under federal law and his obligation to comply with the deadlines imposed by this Court. Clarifying motions such as this one are unnecessary to invoke rights Mr. Beall already possesses by virtue of being a litigant in federal court. Thus, because the Court has already resolved one aspect of his motion and the remaining issues present no dispute on which the Court may issue an order, it denies Mr. Beall's motion for clarification.

4

### B. Timothy J. Beall's Motion to Compel

In his motion to compel, Mr. Beall seeks permission to subpoena his proposed witnesses and provide live videoconference testimony for Lieutenant Scott Finnacom and Officer Kafel, pursuant to Federal Rule of Civil Procedure 45(c) and 43(a), respectively. *Def.'s Mot. to Compel* at 1. Mr. Beall also asks that the Court order "Plaintiffs' counsel to provide last-known contact information" several proposed witnesses and for the Court to confirm he "may question [those] witnesses solely within the scope the Court previously defined." *Id.* at 2-3.

Mr. Beall's motion to compel presents the exact same argument he previously raised in his October 21, 2025 motion, *Def.'s Mot. to Subpoena Witnesses and Permit Remote Test.* (ECF No. 246) (*Def.'s Mot. to Subpoena*), which the Court rejected in its November 12, 2025 order. *Order on Remote Test.* To invoke the Court's subpoena power under Rule 45(c), Mr. Beall must demonstrate the proposed witness is within the Rule's geographic limitation, and when a proposed witness is outside the purview of Rule 45(c), Rule 43(a) is only available for good cause in compelling circumstances. *See Official Committee of Unsecured Creditors v. Calpers Corp. Partners, LLC*, No. 1:18-cv-68-NT, 2021 U.S. Dist. LEXIS 135316, at *7-8 (D. Me. July 20, 2021). Mr. Beall offers no evidence these proposed witnesses are within the Court's subpoena power under Rule 45(c), nor does he argue there is good cause under Rule 43(a) to allow live videoconference testimony at the upcoming hearing.

The Court has already ruled on this precise issue and has informed Mr. Beall that the subpoena authority rests on geography. Nevertheless Mr. Beall failed to

notify the Court where these proposed witnesses reside. Mr. Beall's failure to supply necessary information to allow the Court to conclude that his proposed witnesses fall within its subpoena power constitutes a waiver to his subpoena demand. Two of his six proposed witnesses, Lieutenant Scott Finnacom and Officer Ahmed Kafel, were the subject of his first rejected motion for subpoena and live testimony. *Def.'s Mot. to Subpoena* at 1; *Def.'s Mot. to Compel* at 1. Because Mr. Beall's first motion lacked sufficient information to demonstrate invoking the Court's subpoena power under Rule 45(c) was appropriate, the Court issued a show cause order, requiring Mr. Beall to conduct a Rule 45(c) analysis. *O.S.C.* (ECF No. 247). In his response, Mr. Beall conceded both witnesses were outside the reach of the Court's subpoena power under Rule 45(c), but maintained good cause existed for the Court to authorize live video testimony under Rule 43(a). *Def.'s Resp. to O.S.C. Regarding Rule 45(c) and Remote Testimony* at 1 (ECF No. 249).

In its November 12, 2025 order, the Court denied Mr. Beall's motion because he failed to demonstrate good cause to permit live videoconference testimony. *Order on Remote Test.* at 2-4. In his latest motion, Mr. Beall does not even endeavor to raise a colorable argument under either Rule 45(c) or Rule 43(a). Instead, Mr. Beall blankly asserts the same, previously rejected basis for subpoenaing his proposed witnesses, some already determined outside the Court's subpoena power, without the requisite legal or factual analysis.

Furthermore, the Court must deny Mr. Beall's motion because his proposed witnesses are outside the reach of this Court's subpoena power. Although Mr. Beall

6

has not provided the residences of the proposed witnesses, the Plaintiffs have, and according to the Plaintiffs, all proposed witnesses are beyond the subpoena power of the Court. As Plaintiffs explain in their response, each of Mr. Beall's proposed witnesses—except Paul Van Savage who will testify at the hearing—are Massachusetts[1] or Florida residents and reside outside the boundary of Rule 45's geographic limitation. *Pls.' Resp.* at 2-5; *see also See Jones v. Jasper Wyman & Son*, No. 1:20-cv-00383-JAW, 2022 U.S. Dist. LEXIS 202889, at *11-12 (D. Me. Nov. 8, 2022) (granting motion to quash subpoena to testify because the proceeding took place more than 100 miles from where the subpoenaed person resided, was employed, or transacted business). The Court therefore denies his request to subpoena his proposed witnesses and to permit live videoconference testimony during the upcoming evidentiary hearing.

Mr. Beall's request for the Court to order Plaintiffs' counsel to provide contact information for several of his proposed witnesses is mooted by Plaintiffs' response, which clearly demonstrates they provided Mr. Beall with that information months ago. *Pls.' Resp.*, Attach. 1. Finally, as explained above, the Court cannot advise Mr. Beall on the scope of what he might ask his proposed witness at the upcoming evidentiary hearing. The Court therefore denies Mr. Beall's motion to compel.

---

[1] Although some portions of Massachusetts fall within the 100-mile limit, the Plaintiffs have represented that none of Mr. Beall's proposed witnesses comes within the 100-mile catchment area. *Pls.' Resp.* at 2-4.

## III.  CONCLUSION

Accordingly, the Court DENIES Timothy J. Beall's Motion for Clarification and Preservation of Due-Process Rights (ECF No. 254) and Motion to Compel Pre-Hearing Subpoenas for December 4, 2025 Contempt and Sanctions Evidentiary Hearing (ECF No. 258).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 26th day of November, 2025