UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

EVERETT J. PRESCOTT,               )
INC.,  et al.                      )
                                   )
          Plaintiffs,              )
                                   )
     v.                            )          No. 1:25-cv-00071-JAW
                                   )
TIMOTHY J. BEALL,                  )
                                   )
          Defendant.               )

**ORDER ON STATUS**

On March 20, 2026, the Court held an extended in-person conference with Timothy J. Beall, acting pro se, and Attorney Steven Silver, representing the Plaintiffs. *Min. Entry* (ECF No. 308). The main purpose of the conference was to set deadlines for the anticipated filing of motions for summary judgment. *See Procedural Order* (ECF No. 297). At the conference, the Court expressed its dissatisfaction with proceeding with dispositive motions because it seemed and still seems obvious that the parties do not agree on basic facts and certainly do not agree on how uncontested facts should be evaluated. The Court suggested, therefore, that the parties forego dispositive motions and proceed to trial. At the conference, Mr. Beall readily agreed to the proposal, and Attorney Silver properly asked for time to consult with his client. On March 20, 2026, the Court ordered the Plaintiffs to advise the Court by March 25, 2026 as to whether they wished to proceed straight to trial. *Order on Local R. 56(h) Conf.* (ECF No. 309).

On March 25, 2026, Plaintiffs counsel confirmed that they would agree to forego dispositive motion practice but conditioned their agreement on several conditions. *Pls.' Notice Regarding Trial and Waiver of Summ. J.* (ECF No. 316). On March 25, 2026, the Court immediately set the case for jury trial on May 4, 2026 with a final pretrial conference scheduled for April 6, 2026 and final pretrial memoranda due by March 30, 2026. *Order* (ECF No. 317). On March 25, 2026, Mr. Beall withdrew his consent to an immediate jury trial and insisted on his "right to file a motion for summary judgment." *Def.'s Resp. to Pls.' Notice Regarding Trial and Waiver of Summ. J.* at 2 (ECF No. 318). Mr. Beall raised various objections about discovery and other matters. *Id.* at 2-4. In light of the recent filings, the Court VACATES its order setting this case for trial, including the deadline for the filing of pretrial memoranda and the setting of a final pretrial conference.

Consistent with the discussion at the March 20, 2026 conference, in the event a quick trial were not agreed to by the parties, the parties would proceed with summary judgment. The Court therefore sets the following briefing schedule:

1)   April 17, 2026: dispositive motions are due together with the record and statements of undisputed material facts;

2)   May 8, 2026: responses are due, including responses to the statements of material facts and any additional statements of material facts;

3)   May 22, 2026: replies to the responses are due, including any responses to the statements of additional material facts.

Although the Court has used plural nouns in describing motions for summary judgment, it has not determined whether Mr. Beall has the right, as he proposes, to file a motion for summary judgment.

On September 11, 2025, the Court issued a Scheduling Order. *Scheduling Order with incorporated Rule 26(f) Order* (ECF No. 220). The September 11, 2025 Scheduling Order provided in part:

> Deadline to file Notice of Intent to file Motion for Summary Judgment and Need for a Pre-Filing Conference Pursuant to Local Rule 56(h): February 20, 2026.

*Id.* at 2. On February 17, 2026, in compliance with this order, the Plaintiffs filed a notice of intent to file summary judgment. *Pls.' Notice of Intent to File Mot. for Summ. J. and Req. for Pre-filing Conf.* (ECF No. 296). Mr. Beall did not comply with this order.

On February 17, 2026, the Court set February 24, 2026 as the date for the filing of preconference memoranda, March 3, 2026 as the date for any responsive memoranda, and March 20, 2026 as the date for the Local Rule 56(h) conference. *Procedural Order* (ECF No. 297). On February 24, 2026, the Plaintiffs filed their Rule 56(h) memorandum. *Pls.' Local R. 56(h) Mem.* (ECF No. 299). Mr. Beall did not file a preconference memorandum. On March 4, 2026, Mr. Beall filed a responsive preconference memorandum. *Def.'s Resp. to Pl.'s Local R. 56(h) Pre-Filing Mem. and Statement of Intended Grounds for Summ. J.* (ECF No. 302). In his responsive preconference memorandum, Mr. Beall did not assert his intention to file his own motion for summary judgment, and he did not otherwise comply with Local Rule 56(h) if he intended to file his own motion. *Id.* Before Mr. Beall files his own motion for

3

summary judgment, as opposed to responding to the Plaintiffs' motion, he must obtain permission to do so and explain his failure to comply with the orders and rules of this Court.

Finally, in view of the fact this case will not go to trial in May 2026, the pending motions filed by the Plaintiffs will be resolved as soon as the Court can attend to them.[1]

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 28th day of March, 2026

---

[1] This order does not address the discovery dispute between Plaintiffs and Mr. Beall, which is currently scheduled for hearing on April 8, 2026 before Magistrate Judge Nivison. *See Def.'s Mot. for Leave to File Req. for Hr'g on Disc. Dispute and, if Necessary, Mot. to Compel* (ECF No. 310); *Notice of Hr'g* (ECF No. 313).

4