UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

EVERETT J. PRESCOTT, INC.,    )
et al.    )
    )
    Plaintiffs,    )
    )
    v.    )    No. 1:25-cv-00071-JAW
    )
TIMOTHY J. BEALL,    )
    )
    Defendant.    )

**ORDER ON MOTIONS FOR LEAVE TO SUPPELEMENT THE
DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

On May 19, 2026, the Defendant filed his reply in support of his motion for partial summary judgment. *Def.'s Reply in Supp. of Mot. for Partial Partial Summ. J., Resp. to Pls.' Opp'n, Req. for Leave to Suppl., and Cert. of Review* (ECF No. 342) (*First Mot.*). In his reply, the Defendant incorporated a motion for leave to supplement his partial summary judgment motion with "one or more witness declarations." *Id.* at 20; *Def.'s Req. for Leave to Suppl.* (ECF No. 345). On July 31, 2026, the Defendant emailed the Clerk's Office a second motion for leave to supplement his pending motion for partial summary judgment. *Def.'s Mot. for Leave to File a Narrow Suppl. To the Pending Summ. J. Record and Req. for Limited Hr'g* (ECF No. 358) (*Second Mot.*).

The Court DENIES the Defendant's motions to supplement. First, the Defendant has not offered an adequate explanation for his lack of diligence nor an adequate justification for further delaying the resolution of his pending motion for partial summary judgment, since the Plaintiffs are entitled to respond to the

Defendant's supplemental evidence. As the Defendant's own motions concede, the supplemental evidence he seeks to incorporate into his partial summary judgment motion was available to him throughout this case. *See First Mot.* at 20 ("The record already shows that Defendant raised these issues contemporaneously and before this litigation developed into its present posture"); *Second Mot.* at 2 ("On July 31, 2026, Defendant correctly identified the Gmail account containing the original Van Savage correspondence after earlier searching a different, similarly used account"; "The underlying events are old; the newly preserved native form, complete chains, and exact metadata are the basis for this request"). The Defendant does not identify who or even say how many declarations comprise his proposed supplement. He also fails to sufficiently explain how the supplement will assist the Court in resolving his motion for partial summary judgment.

Second, the Defendant's motions are untimely. The Court issued the scheduling order on September 11, 2025. *See Sched. Order* (ECF No. 220). The Defendant had ample notice to prepare for discovery and summary judgment, and he should have included that evidence as part of his motion for partial summary judgment when he filed his initial motion. Furthermore, the discovery period ended on February 13, 2026. *See Sched. Order* (ECF No. 220). Moreover, to the extent his request to supplement his partial summary judgment motion with additional witness declarations that the Defendant "could not obtain . . . before th[e] reply deadline," *First Mot.* at 20, amounts to a request to reopen discovery, the Court declines such a

2

request for the same reasons the Magistrate Judge denied the Defendant's earlier request to reopen discovery.  *See Order on Discovery Issue* (ECF No. 335).

The Court DENIES the Defendant's Request for Leave to Supplement (ECF No. 345) and Motion for Leave to File a Narrow Supplement to the Pending Summary-Judgment Record and Request for Limited Hearing (ECF No. 358).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 31st day of July, 2026