UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| EVERETT J. PRESCOTT, INC., et al. | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 1:25-cv-00071-JAW |
| TIMOTHY J. BEALL, | ) ) | |
| Defendant. | ) | |

## ORDER ON DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT

The court denies a pro se defendant's motion for partial summary judgment, because his proffered statement of material facts does not support his legal arguments.

## I.   BACKRGOUND[1]

In March 2025, Everett J. Prescott, Inc. (EJP) and Paul Van Savage filed a civil complaint raising several state tort law claims and seeking a temporary restraining order and a preliminary injunction against EJP's former employee, Timothy J. Beall, for harassing EJP and its employees with threatening private messages and posting defamatory statements on social media. *Verified Compl. for TRO and Other Relief* ¶¶ 1-3 (ECF No. 1); *id.* at 12-13, 16; *Verified Am. Compl.* (ECF No. 12) (*Am. Compl.*).[2]

---

[1]   The Court limits this section to the procedural history relevant to this order.  The July 24, 2025 Omnibus Order recounts in greater detail the events in this case. *See Omnibus Order and Order Staying Case* (ECF No. 139).

[2]   On March 3, 2025, EJP filed a verified complaint naming itself as the sole plaintiff.  *Id.*  On March 10, 2025, EJP amended its complaint to add Paul Van Savage, EJP's Director of Human Resources, as a co-plaintiff.  *Verified Am. Compl.* (ECF No. 12).

On September 11, 2025, the Court issued a scheduling order.  *Sched. Order* (ECF No. 220).  The scheduling order set February 20, 2026 as the deadline for the parties to notify the Court of their intent to file a motion for summary judgment and to request a pre-filing conference pursuant to Local Rule 56(h).  *Id.* at 2.  On February 17, 2026, in compliance with this order, the Plaintiffs filed a notice of intent to file summary judgment.  *Pls.' Notice of Intent to File Mot. for Summ. J. and Req. for Pre-filing Conf.* (ECF No. 296).  Mr. Beall did not file a notice of intent to file a motion for summary judgment.

Accordingly, the Court scheduled the pre-filing conference for March 20, 2026. *Procedural Order* (ECF No. 297).  Additionally, the Court set the deadline for the parties to file their respective preconference memoranda for February 24, 2026 and any response by March 3, 2026.  *Id.* at 2.  On February 24, 2026, the Plaintiffs filed their Rule 56(h) memorandum.  *Pls.' Local R. 56(h) Mem.* (ECF No. 299).  Mr. Beall did not file a preconference memorandum.  However, on March 4, 2026, Mr. Beall filed a responsive preconference memorandum.  *Def.'s Resp. to Pls.' Local R. 56(h) Pre-Filing Mem. and Statement of Intended Grounds for Summ. J.* (ECF No. 302).

On March 20, 2026, the Court held an extended in-person conference with Timothy J. Beall, acting pro se, and Attorney Steven Silver, representing the Plaintiffs, to set deadlines for the anticipated filing of motions for summary judgment.  *Min. Entry* (ECF No. 308).  At the conference, the Court expressed its dissatisfaction with proceeding with dispositive motions because it seemed obvious that the parties do not agree on basic facts and on how uncontested facts should be

evaluated. *Id.*; *see also Procedural Order*. The Court suggested, therefore, that the parties forego dispositive motions and proceed to trial. *Min. Entry*. At the conference, Mr. Beall readily agreed to the proposal, and Attorney Silver properly asked for time to consult with his client. *Id.* On March 20, 2026, the Court ordered the Plaintiffs to advise the Court by March 25, 2026 as to whether they wished to proceed straight to trial. *Order on Local R. 56(h) Conf.* (ECF No. 309).

On March 25, 2026, the Plaintiffs agreed to forego dispositive motion practice, subject to several conditions. *Pls.' Notice Regarding Trial and Waiver of Summ. J.* (ECF No. 316). Accordingly, on March 25, 2026, the Court immediately set the case for jury trial on May 4, 2026 with a final pretrial conference scheduled for April 6, 2026 and final pretrial memoranda due by March 30, 2026. *Order* (ECF No. 317). That same day, however, Mr. Beall withdrew his consent to an immediate jury trial, insisting on his "right to file a motion for summary judgment." *Def.'s Resp. to Pls.' Notice Regarding Trial and Waiver of Summ. J.* at 2 (ECF No. 318). Mr. Beall also raised various objections about discovery and other matters. *Id.* at 2-4.

Given Mr. Beall's change of heart, on March 28, 2026, the Court vacated its order setting the case for trial, and issued the following summary judgment briefing schedule:

    (1)    April 17, 2026: dispositive motions are due together with the record and statements of undisputed material facts;

    (2)    May 8, 2026: responses are due, including responses to the statements of material facts and any additional statements of material facts;

    (3)    May 22, 2026: replies to the responses are due, including any responses to the statements of additional material facts.

3

*Order on Status* at 1-2 (ECF No. 321).

In addition, noting that Mr. Beall had expressed his intent to file a motion for summary judgment, the Court explained that "it ha[d] not determined whether Mr. Beall has the right, as he propose, to file a motion for summary judgment," because he failed to comply with both the Court's September 11, 2026 scheduling order, which required Mr. Beall to file his notice of intent to file a summary judgment motion by February 20, 2026 and the Court's February 17, 2026 procedural order, which provided "[e]ach party intending to file a motion for summary judgment . . . shall file a short memorandum . . . no later than February 24, 2026." *Id.* at 3; *Sched. Order* at 2; *Procedural Order* at 1-2. Given Mr. Beall's pro se status, the Court exercised leniency but stated that before Mr. Beall may file his own motion for summary judgment, "he must obtain permission to do so and explain his failure to comply with the orders and rules of this Court." *Order on Status* at 3-4.

In response to the Court's order, Mr. Beall filed a "limited response . . . to clarify his position." *Def.'s Mot. for Leave to File Limited Resp. to Order on Status* at 3 (ECF No. 322) (*Def.'s Limited Resp.*); *see also Def.'s Limited Resp. to Order on Status* (ECF No. 324). Mr. Beall explained he "did not intend to resist efficiency or the Court's management of the case," but rather "sought to preserve his procedural rights, including the ability to pursue dispositive relief where appropriate, particularly in light of the current state of the record." *Def.'s Limited Resp.* at 3. "Under these circumstances," Mr. Beall "believed it would be premature to forego dispositive motion practice before the record is fully developed," thus insisted that

4

"any dispositive determination is made on a complete and properly supported record, consistent with the requirements of Federal Rule of Civil Procedure 56." *Id.* Without addressing the instances of noncompliance highlighted in the Court's prior order, Mr. Beall committed to comply with and "proceed in accordance with the briefing schedule established by the Court."[3] *Id.*

On April 10, 2026, Mr. Beall filed a motion for leave to file his notice of intent to seek summary judgment, which the Court granted. *Def.'s Mot. for Leave to File Notice of Intent to Seek Summ. J.* (ECF No. 333); *Order* (ECF No. 334). On April 14, 2026, Mr. Beall filed a motion for leave to file his motion for summary judgment, which the Court granted. *Def.'s Mot. for Leave to File Partial Summ. J.* (ECF No. 336) (*Def.'s Mot.*); *Order* (ECF No. 337). Mr. Beall also filed a motion for partial summary judgment and a statement of undisputed material facts. *Def.'s Mot. for Summ. J.* (ECF No. 338);[4] *Def.'s Statement of Undisputed Material Facts* (ECF No. 338) (DSMF).

On May 5, 2026, the Plaintiffs filed their response in opposition to Mr. Beall's motion for summary judgment. *Pls.' Resp. in Opp'n to Def.'s Mot. for Partial Summ. J.* (ECF No. 340) (*Def.'s Opp'n*). The Plaintiffs also filed their response to Mr. Beall's statement of material facts and supplied their own statement of additional material

---

[3] As the history of this case reveals, Mr. Beall has had an unfortunate history of failing to comply with the orders of this Court. In addressing his motion for partial summary judgment, the Court has elected not to ground its decision on his lack of compliance but upon the merits of his motion, leaving for another day his non-compliance.

[4] Mr. Beall's motion for summary judgment and his statement of material facts are nominally docketed under ECF Number 338; however, the documents are found at ECF Number 336, intertwined with the motion for leave to file motion for summary judgment.

facts.  *Pls.' Resp. to Def.'s Statement of Undisputed Material Facts with Pls.' Loc. R. 56(c)(2) Statement of Additional Material Facts* (ECF No. 241) (PRDSMF) (PSAMF).

On May 19, 2026, Mr. Beall filed his reply, which included a request to supplement his partial summary judgment motion.  *Def.'s Mot. for Leave to File Proposed Reply in Supp. of Mot. for Partial Summ. J., Resp. to Pls.' Opp'n, Req. for Leave to Suppl., and Cert. of Review* (ECF No. 342) (*Def.'s Reply*).  On July 31, 2026, the Court denied Mr. Beall's request to supplement his motion for partial summary judgment.  *Order on Mots. for Leave to Suppl. the Def.'s Mot. for Partial Summ. J.* (ECF No. 360).

## II.  STATEMENT OF FACTS

The Plaintiff Everett J. Prescott is a Maine corporation.  DSMF ¶ 1; PRDSMF ¶ 1.  The Defendant was employed by Plaintiff from January 2024 to November 6, 2024.  DSMF ¶ 2; PRDSMF ¶ 2.  The Plaintiff alleges defamation based on public communications.  DSMF ¶ 3; PRDSMF ¶ 3.[5]  The Court has determined that statements made to the Plaintiff, its employees, or its counsel do not satisfy the publication element.[6]  DSMF ¶ 4; PRDSMF ¶ 4.[7]

---

[5]      Mr. Beall's paragraph 3 states in full that "Plaintiff alleges defamation based on public and private communication."  DSMF ¶ 3.  The Plaintiffs have denied this full statement, disputing that they are claiming defamation based on private communication.  PRDSMF ¶ 3.  The Court has included only the undisputed portion of the paragraph 3.

[6]      The Plaintiffs have admitted paragraph 4 but note they are not claiming defamation based on private communications.  PRDSMF ¶ 4.  Given the Plaintiffs' concession, paragraph 4 is likely immaterial, but as there is no dispute, the Court has included it.

[7]      Mr. Beall submitted one statement of material fact that is an incomplete sentence.  Paragraph 5 states: "The Court found that Plaintiff alleged no facts demonstrating that no third party relied . . .."  DSMF ¶ 5.  The Court has not included this paragraph in Mr. Beall's statement of material facts because it is an incomplete sentence, is not properly supported by a citation to the record, and is denied by the Plaintiffs.  PRDSMF

The Plaintiffs responded to Mr. Beall's six, now four, statements of undisputed material facts with a statement of additional material facts consisting of one hundred and seventy-six paragraphs.  PSAMF ¶¶ 1-176.  The Court has not included the Plaintiffs' statements of material fact because they are not necessary for the Court to resolve the pending motion for partial summary judgment.

## III.    THE PARTIES' POSITIONS

### A.    Timothy Beall's Motion for Partial Summary Judgment

Mr. Beall contends he is entitled to summary judgment on the Plaintiffs' claims for tortious interference with an advantageous economic relationship, because the Plaintiffs have not produced "evidence of damages or third-party reliance," and intentional infliction of emotional distress (IIED), because "corporations . . . are incapable of experiencing emotional harm." *Def.'s Mot.* at 5-8.  He also asks the Court to "[d]ismiss all defamation claims based on non-public statements" and to order the Plaintiffs "to identify specific actionable [defamatory] statements." *Id.* at 5, 8-9, 11.  In addition, Mr. Beall maintains that the Plaintiffs' defamation claims fail because of a lack of evidence of damage. *Id.* at 10.

### B.    The Plaintiffs' Opposition

The Plaintiffs oppose Mr. Beall's motion for partial summary judgment and urge the Court to deny the motion and schedule this matter for a jury as soon as

---

Mr. Beall submitted one statement of material fact that, although a complete sentence, is unanchored to a complete thought.  Paragraph 6 states: "Plaintiff has not identified any lost contracts, customers, or business opportunities. . .."   DSMF ¶ 6.  The Court has not included this statement because it is not connected to the facts in this case, is not properly supported by a citation to the record, and is denied by the Plaintiffs.  PRDSMF ¶ 6.

possible. *See Pls.' Opp'n* at 1. First, they argue that Mr. Beall's failure to obtain the Court's permission to file a motion for summary judgment is reason enough to deny his motion, as Mr. Beall failed to comply with multiple Court orders and the local rules regarding scheduling and notice. *Id.* at 1-3. Second, the Plaintiffs insist that Mr. Beall's summary judgment briefing also violates the local rules and is wholly deficient, because he does not provide a proper statement of material facts nor does he cite record evidence properly supporting those assertions. *Id.* at 4-7. Turning to the substance of Mr. Beall's arguments, the Plaintiffs emphasize that none of the issues Mr. Beall identifies is proper for summary judgment, because Mr. Van Savage raises the IIED claim, damages for tortious interference are for a jury to decide, and the Plaintiffs' defamation claims are based on Mr. Beall's public social media statements. *Id.* at 7-13.

### C.    Timothy Beall's Reply

In his reply, Mr. Beall reiterates his motions arguments and rehashes his longstanding grievances against plaintiffs' counsel. *Def.'s Reply* at 13-15, 17-19. Next, Mr. Beall acknowledges that he "did not comply perfectly with Local Rule 56(h)" but maintains his "procedural mistakes were not bad faith." *Id.* at 15. According to Mr. Beall, his failure to comply with the Court's orders and the local rules "were pro se mistakes made while Defendant was navigating multiple jurisdictions, extreme financial hardship, housing instability, employment loss, and complex federal procedure without counsel." *Id.* Mr. Beall then argues his declaration is competent under Rule 56. *Id.* at 16.

8

Mr. Beall also argues that the record shows that the underlying facts are disputed. *Id.* at 16-17. In response to the Plaintiffs' argument that Mr. Beall did not properly cite record evidence to support his statement of undisputed facts, Mr. Beall supplies a list of factual issues he insists are disputed. *Id.* He then asks the Court's permission to supplement his motion with "with one or more witness declarations concerning the disputed factual issues Plaintiffs characterize as unsupported." *Id.* at 16-17, 20; *id.* at 16-17 (requesting "third-party declarations" to counter the Plaintiffs' false "'characterization" that he has "zero witnesses' or 'zero evidence'" to support his motion and to show "the facts disputed" by the parties).

## IV.    LEGAL STANDARD

Summary judgment is proper when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "Genuine issues of fact are those that a factfinder could resolve in favor of the nonmovant, while material facts are those whose 'existence or nonexistence has the potential to change the outcome of the suit.'" *Green Mountain Realty Corp. v. Leonard*, 750 F.3d 30, 38 (1st Cir. 2014) (quoting *Tropigas de P.R., Inc., v. Certain Underwriters at Lloyd's of London*, 637 F.3d 53, 56 (1st Cir. 2011)).

When the movant "has made a preliminary showing that there is no genuine issue of material fact, the nonmovant must 'produce specific facts, in suitable evidentiary form, to . . . establish the presence of a trialworthy issue.'" *McCarthy v. City of Newburyport*, 252 F. App'x 328, 332 (1st Cir. 2007) (alteration in original) (quoting *Triangle Trading Co. v. Robroy Indus., Inc.*, 200 F.3d 1, 2 (1st Cir. 1999)).

The nonmoving party must provide "'enough competent evidence' to enable a factfinder to decide in its favor on the disputed claims." *Carroll v. Xerox Corp.*, 294 F.3d 231, 237 (1st Cir. 2002) (quoting *Goldman v. First Nat'l Bank of Bos.*, 985 F.2d 1113, 1116 (1st Cir. 1993)). Then, a "court views the facts and draws all reasonable inferences in favor of the nonmoving party," *Ophthalmic Surgeons, Ltd. v. Paychex, Inc.*, 632 F.3d 31, 35 (1st Cir. 2011) (citation omitted), disregarding "[c]onclusory allegations, improbable inferences, acrimonious invective, or rank speculation." *Mancini v. City of Providence ex rel. Lombardi*, 909 F.3d 32, 38 (1st Cir. 2018) (quoting *Ahern v. Shinseki*, 629 F.3d 49, 54 (1st Cir. 2010)). "[T]he plain language of Rule 56(c) mandates entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322.

## V.    DISCUSSION

The Court denies Mr. Beall's motion for partial summary judgment because his proffered statement of material facts does not support his legal theories. Mr. Beall proposes that the Court grant partial summary judgment on the tortious interference with an advantageous business relationship, but his statement of material fact contains only an incomplete sentence unsupported by the record to the effect that "The Court found that Plaintiff alleged no facts demonstrating that no third party relied . . .." PSMF ¶ 5. The Court rejected this statement because it is an incomplete sentence, does not contain a proper record citation, and is disputed by the Plaintiffs.

Thus, the statement of material facts submitted by Mr. Beall does not support his right to summary judgment on this issue.

Mr. Beall next asks the Court to rule that a corporation cannot proceed with a claim of intentional infliction of emotional distress.  Mr. Beall is correct that a corporation may not bring a claim for intentional infliction of emotional distress.  *See e.g.*, *Dynamic Image Technologies, Inc. v. United States*, 221 F.3d 34, 37 n.2 (1st Cir. 2000) ("Because corporations, unlike natural persons, have no emotions, they cannot press claims for intentional infliction of emotional distress") (citation omitted); *Kenney v Howard*, No. CV-03-656, 2004 Me. Super. LEXIS 231, *9 (Me. Super. Ct. Sep. 22, 2004) (Maine law); *Mikolinski v. Burt Reynolds Production Co.*, 10 Mass. App. Ct. 895, 895 (1980) ("It also seems obvious that a corporation cannot lay claim for emotional distress") (Massachusetts law).  However, as the Court explained in its temporary restraining order, "the Restatement (Second) of Torts also specifically addresses reputational harm in the context of corporations, writing '[a] corporation for profit has a business reputation and may therefore be defamed in this respect.  Thus a corporation may maintain an action for defamatory words that discredit it and tend to cause loss to it in the conduct of its business, without proof of special harm resulting to it." *Order on Mot. for TRO* at 20 (ECF No. 7) (first quoting Restatement (Second) of Torts § 561 cmt. b; and then citing *Bruno v. Corrado,* No. CV-14-429, 2015 Me. Super. LEXIS 12, at *7-8 (Me. Super. Ct. Jan. 5, 2015)).  Also, the Court is aware of no law that prevents an employee of a corporation, such as Mr. Van Savage, from being unable to maintain a claim for intentional infliction of

11

emotional distress simply because he is employed by one of the parties. Given the subtleties of the law and the inadequacies of the pending motion, the Court concludes it would be wiser to address the intentional infliction of emotional distress claim at trial and limit the corporation's claim through jury instructions.

Finally, Mr. Beall asks the Court to grant summary judgment on the Plaintiffs' defamation claims to the extent they rely on private communication. But the Plaintiffs have not claimed defamation based on private communications and therefore there is no need to issue an order forbidding the Plaintiffs from bringing a claim they are not making. Again, the Court will address this issue at trial.

## VI.    CONCLUSION

The Court DENIES Timothy J. Beall's Motion for Partial Summary Judgment (ECF No. 338).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 6th day of August, 2026