UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

EVERETT J. PRESCOTT, )
INC., et al., )
 )
        Plaintiffs, )
 )
    v. )        No. 1:25-cv-00071-JAW
 )
TIMOTHY J. BEALL, )
 )
        Defendant. )

**ORDER ON PLAINTIFFS' PENDING MOTIONS FOR CIVIL CONTEMPT AND SANCTIONS**

Upon reflection, the Court has concluded that in the interest of efficiency and justice, it will defer action on the Plaintiffs' numerous pending motions for sanctions and civil contempt against Timothy J. Beall until after jury resolution of the factual issues in this case. The Court has taken the position in this case for an extended period, that it should be resolved by a jury trial. The Plaintiffs have agreed to this point, and Mr. Beall also agreed to it for a time, but then insisted on his right to file a motion for partial summary judgment. Now that the Court has resolved Mr. Beall's motion, the case would be vulnerable for trial in the October term, but for the pending sanctions motions. The more efficient way to resolve the pending sanctions motions, therefore, would be to hold a jury trial on the jury-triable issues in October to be immediately followed by a bench trial on the sanctions motions during which the Court would consider the testimony previously taken before this Court, the evidence at the jury trial, plus any additional evidence the parties wish to present on the sanctions motions.

As the Court perceives it, there is a significant overlap between the factual issues the parties will present to a jury and will present to a court.  In these circumstances, where the factual issues substantially intertwine, it is wiser to proceed first with jury resolution to avoid contamination of the jury's verdict by judicial findings necessary to resolve the sanctions motions.  Moreover, the parties are entitled to a jury trial to resolve the contested factual issues in this case, with the exception of the equitable issues presented in the requests for injunctive relief.  When a court is confronted with mixed factual questions to be resolved by a jury and judge, the judge typically defers to the jury to make its determinations on factual disputes susceptible to jury resolution and then makes its common findings in a manner consistent with the jury determinations.  Furthermore, if judicial findings are made before the jury trial, there would be a question as to which, if any, judicial findings are admissible in the later jury trial.  This approach respects and implements the parties' Seventh Amendment right to a jury trial, and allows for the resolution of this longstanding and contentious matter in the reasonably near future.

The Court therefore orders the Clerk's Office to schedule this case for jury trial in the October term of court and will order the parties to attend a Final Pretrial Conference to be held at the Gignoux Courthouse in Portland.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 13th day of August, 2026

2