UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| EVERETT J. PRESCOTT, INC., et al.<br><br>Plaintiffs,<br><br>v.<br><br>TIMOTHY J. BEALL,<br><br>Defendant. | ) | No. 1:25-cv-00071-JAW |

**ORDER ON FINAL PRETRIAL CONFERENCE**

On August 13, 2026, the Clerk's Office scheduled this case for jury trial during the October term of Court and set a Final Pretrial Conference for 1:00 p.m. on September 2, 2026 at the Gignoux Courthouse in Portland, Maine. *Order* (ECF No. 363). On August 17, 2026, Mr. Beall filed a final pretrial memorandum,[1] *Def.'s Final Pretrial Mem.* (ECF No. 364), and on August 26, 2026, the Plaintiffs filed their final pretrial memorandum. *Pls.' Final Pretrial Mem.* (ECF No. 386).

On August 18, 2026, Mr. Beall filed an emergency motion requesting among other things that he be allowed to participate remotely in the Final Pretrial Conference by videoconference. *Def.'s Emerg. Mot. for Status Conf., Case-Managemetn Protocol, and Alternative Remote Appearance* (ECF No. 373) (*Def.'s Mot.*). On August 21, 2026, the Plaintiffs filed their opposition to Mr. Beall's emergency motion. *Pls.' Reap. In Opp'n to Def.'s Emerg. Mot. for Status Conf., Case-*

---

[1] Because Mr. Beall is an enjoined filer, on August 17, 2026, he filed a motion for leave to file his final pretrial memorandum, which the Court granted the same day. *Def.'s Mot. for Leave to File Pretrial Mem.* (ECF No. 364); *Order* (ECF No. 365).

*Management Protocol, and Alternative Remove Appearance* (ECF No. 380) (*Pls.' Opp'n*). On August 24, 2026, Mr. Beall filed his reply. *Def.'s Reply in Support of ECF No. 373* (ECF No. 382) (*Def.'s Reply*).

In his motion, Mr. Beall explained that Attorney Steven J. Silver filed a protection from harassment petition in Maine State Court and on September 8, 2025, a Judge of the Maine District Court granted Attorney Silver's motion. *Def.'s Mot.*, Attach. 2, *Order for Protection from Harassment* at 3-5 (Sept. 8, 2025) (*Sept. 8, 2025 Order*). By its terms, the September 8, 2025 order is set to expire on September 8, 2026. *Sept. 8, 2025 Order* at 2. On July 23, 2026, Attorney Silver filed a motion to extend the order for protection. *Id.*, Attach. 2, *Pl.'s Mot. to Extend Order for Protection* at 7-10. The district court has scheduled a hearing on the extension of the motion for protection for September 14, 2026 at the Cumberland County Courthouse in Portland, Maine. *Id.* at 9. In his motion for extension, Attorney Silver wrote that Mr. Beall "currently has two open warrants for his arrest for violations of the existing Order." *Def.'s Mot.* at 7. Mr. Beall has moved to be allowed to attend the Final Pretrial Conference remotely because he is concerned that by traveling to Maine, he may be subject to arrest. *Id.* The Plaintiffs object to Mr. Beall's motion. *Pls.' Opp'n* at 1-10. In essence, the Plaintiffs argue that this Court should not intervene in the state court proceedings and should not attempt to protect Mr. Beall from the consequences of his actions. *Id.*

The Court has several reactions. First, the Court agrees with the Plaintiffs that it should not interfere with the state court proceedings. Second, this contentious

case has lasted too long and requires resolution, and Mr. Beall will be required to appear in federal court in Maine to try it, regardless of the state arrest warrants, so the problem presented by his presence at the Final Pretrial Conference will be the same problem presented by his presence at trial. Third, in his reply, Mr. Beall says that he has criminal defense counsel who represents him, *Def.'s Reply* at 3, and if Mr. Beall requires assurance that his presence in Maine for federal court proceedings will not lead to his arrest, he should make necessary arrangements with the state authorities. Fourth, the Court is not amenable to Mr. Beall's proposal for attendance at the Final Pretrial Conference by videoconference. Having presided over jury trials where a party is acting pro se, the Court anticipates that the trial of this case is going to be very tricky because Mr. Beall is representing himself. The Court will have to address numerous issues at the Final Pretrial Conference and it will be necessary to have counsel and Mr. Beall's physical presence in the courtroom to make certain that these issues are addressed appropriately. Fourth, counsel for the Plaintiffs has filed a motion for protection from trial during the month of October that is so extensive that the Court doubts this case can be tried in October and will likely have to be continued to the November list. *See Pls.' Mot. for Protection from Trial* (ECF No. 367). This is in part because the Gignoux Courthouse is undergoing construction and there is only one courtroom currently available for jury trials. In light of this, Mr. Beall wishes to have a brief continuance of the Final Pretrial Conference set for tomorrow, he may move for a continuance. The Court will reset the conference in the ordinary course, but some brief delay should give Mr. Beall and/or his lawyer an

opportunity to resolve with state authorities the issue of the pending warrants for his arrest, if he acts expeditiously. If Mr. Beall does not file a motion to continue, the Court will expect him to be present tomorrow at 1:00 p.m. at the Gignoux Courthouse for the Final Pretrial Order.

The Court DISMISSES without prejudice Defendant's Emergency Motion for Status Conference, Case-Management Protocol, and Alternative Remote Appearance (ECF No. 373).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 1st day of September, 2026